674.    Defendant's ("SFPUC") employee explains to Plaintiff ("Gavin") there is a Customer Assistance Program (hereinafter CAP) that will assist low-income customers.

675.    Defendant's ("SFPUC") employee explains to Plaintiff ("Gavin") there is a Medical Necessity Assistance Program (hereinafter MNAP) that assists customer with specific durable medical equipment.

676.    Plaintiff ("Gavin") qualifies for each program.

677.    Plaintiff ("Gavin") is denied access to participate in the programs because Plaintiff ("Gavin") does not have a meter to measure water usage.

678.    Defendant ("SFPUC") employee gives Plaintiff ("Gavin") pamphlets to read.

679.    Plaintiff ("Gavin") alleges Defendant ("SFPUC") denial of Plaintiff ("Gavin") to participate in either program violates Plaintiff's rights under Title II of the 1990 ADA 28 C.F.R. § 35.130 (b) (1) (vii): Otherwise limit a qualified individual with a disability in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit or service.

680.    Plaintiff ("Gavin") alleges Defendant ("SFPUC") denial of Plaintiff ("Gavin") to participate violates Plaintiff's rights und er Title II of the 1990 ADA  28 C.F.R. § 35.130 (7): A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate the making the modifications would fundamentally alter the nature of the service, program, or activity.

///

681.    Plaintiff ("Gavin") alleges Defendants collective actions in concert are cruel and violate

Plaintiff's rights enumerated in the U.S. Constitution under the Eighth Amendment, "Cruel and

Unusual Punishment."

682.    Defendants collective actions are injurious to Plaintiff ("Gavin"), Plaintiff's family and

therapeutic animal will be proven at trial.

TWENTY-FIRST CAUSE OF ACTION

Deprivation of Rights under Color of Law, U.S. Constitution Ninth Amendment

All Plaintiffs Against Defendants Fortress Investment Group LLC., Parkmerced Investors
Properties, LLC., Robert Rosania, Maximus, Constantine Dakalois, Rockpoint Group LLC,
Parkmerced Employees, Seth Mallen, Bernard Pollaci, John Gavin, Kristine Bakr, Didi
MacDonald, Bryce Boddie, Julie Anderson, Christina Zsolnay, Donna Stern, Law Offices of
Wasserman & Stern, David Wasserman Esq, Daniel R Stern Esq, Stellar Management, Laurence
Gluck, Paula Katz, Ryan Jackson, Matthew Lebo, San Francisco State University,  individual,
heirs, successors, assigns, principals, trustees, sureties, subroutines, representatives, agents,
employees, corporate, partnership, associates, and insures of Defendants 1-50

683.    Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

684.    Plaintiff Gavin has a physical disability that substantially limits one or more major life

activities.

685.    Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is

permanently disabled with multiple disabilities including but not limited to a  mobility disability

that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, use a

wheelchair, walker, crutches, a cane, and a rollator.

686.    On September 30, 2011 Defendant ("Parkmerced Investors Properties, LLC.,") landlord

attorney Defendant ("David Wasserman, Esq.,") files an unlawful detainer against Plaintiff

("Gavin's") family in Defendant ("San Francisco Superior Court").

687.    Defendant ("David Wasserman, Esq.,") states in the filing that a due diligent effort has

been made but Plaintiff ("Gavin's") original lease is lost.

688.    Defendant  ("David Wasserman, Esq.,") Plaintiff ("Gavin's") family have a federal

subsidized Housing Choice Voucher from HUD.

689.    Defendant  ("David Wasserman, Esq.,") a Constitutional Officer of the Court does not

disclose that Defendant ("Parkmerced Investors Properties, LLC.,") signed a contract with San

Francisco Housing Authority to accept federal rent payments on behalf of Plaintiff ("Gavin's")

family from HUD.

690.    Defendant  ("David Wasserman, Esq.,") a Constitutional Officer of the Court does not

disclose that Defendant ("Parkmerced Investors Properties, LLC.,") signed a contract with

Plaintiff ("Gavin") to accept federal rent payments on behalf of Plaintiff ("Gavin's") family from

HUD.

691.    The contract Defendants ("Parkmerced Investors Properties, LLC.,") signs with Plaintiff

("Gavin") has federal laws and federal regulations that provide written procedural protections

into the contract.

692.    HUD termination notices require strict compliance.

693.    Codified in federal law, the termination notice requirements must be followed in

accordance to the contract.

694.    Defendant ("San Francisco Superior Court") does not have jurisdiction over the subject

matter in the Housing Assistance Pay contract.

695.     On July 02, 2012 Plaintiff ("Gavin") has a two hour session in arbitration with
Defendants Parkmerced Investors Properties, LLC., tenant landlord attorney ("David
Wasserman, Esq.,").

696.     On July 02, 2012 Plaintiff ("Gavin") begins to experience heart palpitations.

697.     On July 02, 2012 the arbitrator tells Plaintiff ("Gavin") the case will not be heard until
tomorrow.

698.     On July 02, 2012 Plaintiff ("Gavin") leaves the court building due to the increase in the
palpitations.

699.     On July 02, 2012 the Superior Court judge enters a default judgment against Plaintiff
("Gavin's") family.

700.     On July 02, 2012 Defendant ("David Wasserman, Esq.,") obtains a Writ of Possession to
enter Plaintiff ("Gavin's) family home.

701.     On September 30, 2011 Defendant ("Parkmerced Investors Properties, LLC.,") landlord
attorney Defendant ("David Wasserman, Esq.,") files an unlawful detainer against Plaintiff
("Gavin's") family in Defendant ("San Francisco Superior Court").

702.     Defendant ("David Wasserman, Esq.,") states in the filing that a due diligent effort has
been made but Plaintiff ("Gavin's") original lease is lost.

703.     Defendant  ("David Wasserman, Esq.,") Plaintiff ("Gavin's") family have a federal
subsidized Housing Choice Voucher from HUD.

704.     Defendant  ("David Wasserman, Esq.,") a Constitutional Officer of the Court does not
disclose that Defendant ("Parkmerced Investors Properties, LLC.,") signed a contract with San

Francisco Housing Authority to accept federal rent payments on behalf of Plaintiff ("Gavin's") family from the U.S. Department of Housing and Urban Development.

705.    Defendant  ("David Wasserman, Esq.,") a Constitutional Officer of the Court does not disclose that Defendant ("Parkmerced Investors Properties, LLC.,") signed a contract with Plaintiff ("Gavin") to accept federal rent payments on behalf of Plaintiff ("Gavin's") family from the U.S. Department of Housing and Urban Development, (hereinafter HUD).

706.    The contract Defendants ("Parkmerced Investors Properties, LLC.,") signs with Plaintiff ("Gavin") has federal laws and federal regulations that provide written procedural protections into the Housing Choice Voucher contract.

707.    Codified in federal law, the termination notice requirements must be followed in accordance to the contract.

708.    HUD termination notices require strict compliance.  See e.g., Lakeside Gardens v. Lashay, No. 2007AP1246, 2008Wisc. App. LEXIS 43, *3-8 (Wis. Ct. App. Jan. 16, 2008) (subsidized owner must comply with federal rules relating to notice of lease termination even if the terms are not included in the lease; see also Swords to Plowshare v. Smith, 294 F. Supp 2d 1067, 1070-1072 (N.D. Cal. 2002) (recognizing that landlord must comply with applicable federal regulations when serving lease termination notice).

709.    Defendant ("San Francisco Superior Court") does not have jurisdiction over the subject matter in the Housing Choice Voucher contract.

710.    Plaintiff ("Gavin's") allege Defendant ("San Francisco Superior Court") deprives Plaintiff ("Gavin's") family of right enumerated in the U. S. Constitution, under the Seventh Amendment ("Right to a Jury Trial").

711.   Plaintiff ("Gavin's") allege Defendant ("San Francisco Superior Court") deprives Plaintiff
("Gavin's") family of right enumerated in the Cal. Constitution, under the Article I § 16 inviolate
("Right to Jury Trial ").

712.   Defendants collective actions are injurious to Plaintiff ("Gavin"), Plaintiff's family and
therapeutic animal will be proven at trial.

TWENTY-SECOND CAUSE OF ACTION

U.S. Constitution Ninth Amendment

All Plaintiffs Against Defendants City and County of San Francisco, San Francisco Public Utility
Commission, Ed Harrington, Harlan Kelly, Office of the Mayor, SF Board of Supervisors, John
Avalos, Malia Cohen, Carmen Chu, Jane Kim Esq, David Campos Esq, Eric Mar, David Chiu,
Esq, Ross Mirkarimi, Sean Elsbernd, Esq, Scott Wiener Esq, Mark Farrell Esq, Dennis Herrera,
Esq, George Gascón, Katy Tang, individual, heirs, successors, assigns,principals, trustees,
sureties, subroutines, representatives, agents,employees, Does 1-50

713.   Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

714.   Plaintiff Gavin has a physical disability that substantially limits one or more major life
activities.

715.   Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is
permanently disabled with multiple disabilities including but not limited to a  mobility disability
that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, use a
wheelchair, walker, crutches, a cane, and a rollator.

716.   Plaintiff ("Gavin") qualifies for the Medical Necessity Assistance Program.

717.    Plaintiff ("Gavin") durable medical equipment qualifies for the Medical Necessity
Assistance Program with Defendant ("SFPUC").

718.    Defendant ("SFPUC") deny Plaintiff's reasonable accommodation to participate in the
MNAP.

719.    Plaintiff alleges Defendant' ("SFPUC") denial of Plaintiff ("Gavin's") request for a
reasonable accommodation to access the Medical Necessity Assistance Program violates
Plaintiff's rights under California's Disabled Person's Act.

720.    Plaintiff ("Gavin") allege that Defendants collective actions in combination and collusion
to multiple predicate acts violate Plaintiff ("Gavin's") rights under California state law the Unruh
Act.

721.    Defendants collective actions are injurious to Plaintiff ("Gavin"), Plaintiff's family and
therapeutic animal will be proven at trial.

TWENTY-THIRD CAUSE OF ACTION

U.S. Constitution Fourteenth Amendment

All Plaintiffs Against Defendants San Francisco Public Utilities Commission, Ed Harrington,
Harlan Kelly, City and County San Francisco, Office of the Mayor, San Francisco Board of
Supervisors: John Avalos, Malia Cohen, Carmen Chu, David Campos Esq, David Chiu Esq,
Mark Farrell Esq, Jane Kim Esq, Eric Mar, Ross Mirkarimi, Sean Elsbernd Esq, Scott Wiener
Esq, Michael Yarne Esq, Dennis Herrera Esq, Charles R. Sullivan Esq, Cheryl S. Adams Esq,
Office of the District Attorney, George Gascón Esq, San Francisco Planning Department
Employees, John Rahaim, Richard Cooper, Brian Smith Keith De Martini, Lulu Hwang,
Elizabeth Watty, Gwyneth Borden, San Francisco Municipal Transportation Agency Employees:
"Peter Albert, Jessica Manzi, Matt Lasky," California Office of the Attorney General,

722.    Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

723.    Plaintiff Gavin has a physical disability that substantially limits one or more major life activities.

724.    Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is permanently disabled with multiple disabilities including but not limited to a mobility disability that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, use a wheelchair, walker, crutches, a cane, and a rollator.

725.    Plaintiff ("Gavin") makes multiple visits to Defendant's ("SFPUC") after receiving two Three (3) Day Notices with different amount for usurious utility fees for (water, sewer and garbage).

726.    Defendant's ("San Francisco Public Utility Commission") (hereinafter SFPUC)

727.    Defendant's ("SFPUC") gives Plaintiff ("Gavin") material to read.

728.    Plaintiff ("Gavin") discovers through reading the material that once a year Defendant's ("SFPUC") customers can contest a bill.

729.    Plaintiff ("Gavin's") water is owned by Defendant ("SFPUC").

730.    Plaintiff ("Gavin") makes an inquiry about how to participate in the program to contest a utility bill.

731.    Defendant ("SFPUC") Plaintiff ("Gavin") is denied access to the program because Plaintiff ("Gavin") does not have a meter to measure water usage.

732.    Plaintiff ("Gavin") alleges Defendant's ("SFPUC") actions violates Plaintiff's rights enumerated in the U.S. Constitution under the Fourteenth Amendment, "Due Process and Equal Protection."

733.    Defendants collective actions are injurious to Plaintiff ("Gavin"), Plaintiff's family and therapeutic animal will be proven at trial.

### TWENTY-FOURTH CAUSE OF ACTION

### U.S. Constitution Fourteenth Amendment

### Procedural Violations

All Plaintiffs Against Defendants Fortress Investment Group LLC., Parkmerced Investors Properties, LLC., Robert Rosania, Maximus, Constantine Dakalois, Rockpoint Group LLC, Parkmerced Employees, Seth Mallen, Bernard Pollaci, John Gavin, Kristine Bakr, Didi MacDonald, Bryce Boddie, Julie Anderson, Christina Zsolnay, Donna Stern, Law Offices of Wasserman & Stern, David Wasserman Esq, Daniel R Stern Esq, Stellar Management, Laurence Gluck, Paula Katz, Ryan Jackson, Matthew Lebo, San Francisco State University,  individual, heirs, successors, assigns, principals, trustees, sureties, subroutines, representatives, agents, employees, corporate, partnership, associates, and insures of Defendants 1-50

734.    Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

735.    Plaintiff Gavin has a physical disability that substantially limits one or more major life activities.

736.    Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is permanently disabled with multiple disabilities including but not limited to a  mobility disability that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, use a wheelchair, walker, crutches, a cane, and a rollator.

737.    The Brook Amendment to the Untied States Housing Act, 42 U.S.C.§§1437a(a), and 1437(o) (2)  - specifying that subsidized tenants may only pay 30 percent of their income as "rent" - prevents Defendants ("Parkmerced Investors Properties, LLC.,") from converting other fees to "rent."

738.   Plaintiff ("Gavin") alleges Defendant's ("Parkmerced Investors Properties, LLC.,") usurious utility fees are an illegal rent increase in violation of the Housing Assistance Payment (hereinafter HAP) contract Defendant's signed with San Francisco Housing Authority.

739.   On August 24, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") the first Three (3) Day Notice for usurious utility fees (water, sewer and garbage) in the amount of $1,586.72 does not comply with HUD's notice requirements.

740.   On August 24, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") first Three (3) Day Notice for usurious utility fees (water, sewer and garbage) is unsigned.

741.   On August 30, 2011 Plaintiff ("Gavin") faxes Defendant ("Robert A. Rosania") a letter requesting a reasonable accommodation to make installment payments on the usurious utility fees (water, sewer and garbage).

742.   On September 19, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") a second Three (3) Day Notice for usurious utility fees (water, sewer and garbage) in the amount of $1,110.92 does not comply with HUD's notice requirements.

743.   On September 19, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") second Three (3) Day Notice for usurious utility fees (water, sewer and garbage) in the amount of $1,110.92 does not provide an explanation as to why there is a different amount for usurious utility fees.

744.   Defendants ("Parkmerced Investors Properties, LLC.,") sign a contact with San Francisco Housing Authority to comply with federal laws, federal regulations and federal notices to be eligible to received federal funds for peoples with a Housing Choice Voucher.

745.   Defendants ("Parkmerced Investors Properties, LLC.,") sign a contact with Plaintiff ("Gavin") to comply with procedural protections written into the contract. See Driver v. Housing

Authority of Racine County, 713 N.W. 2d 670, 673-675 (Wis. Ct. App. 2006); ("When the written notice is insufficient, it does not matter that the participant had actual notice.")

746.    On September 30, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") states in the unlawful detainer filing at San Francisco Superior Court that due diligence has been made but Plaintiff ("Gavin's") original lease is lost.

747.    The U.S. Department of Housing and Urban Development (HUD) Termination Notice Require the following:

  a. The notice must "state the reasons" for termination "with enough specificity so as to enable the tenant to prepare a defense.

  b. The specific date the assistance will terminate;

  d. The reason(s) for terminating assistance with enough specificity to enable Plaintiff to obtain a defense;

  e. The tenant has a right to request, within 10 calendar days from the date of the notice, a meeting with the owner to discuss the proposed termination of assistance; and

  d. The notice must state a tenant who is disabled has the right to request a reasonable accommodation to meet with the owner.

748.    The State of California requires subsidized tenants have a 90-Day Notice under Civ. Code § 1954.535 et seq.,

749.    Defendant's (Parkmerced Investors Properties, LLC.,) Three (3) Day Notices are defective in violation of Plaintiffs "Gavin's") family procedural protection rights under the U.S. Constitution, Fourteenth Amendment "Due Process" and "Equal Protection."

750.    Defendants collective actions are injurious to Plaintiff ("Gavin"), Plaintiff's family and therapeutic animal will be proven at trial.

## TWENTY-FIFTH CAUSE OF ACTION

### Deprivation of Rights under State Disability Laws

### Government Code §§ 12955 (a) et seq.,

All Plaintiffs Against Defendants Fortress Investment Group LLC., Parkmerced Investors Properties, LLC., Robert Rosania, Maximus, Constantine Dakalois, Rockpoint Group LLC, Parkmerced Employees, Seth Mallen, Bernard Pollaci, John Gavin, Kristine Bakr, Didi MacDonald, Bryce Boddie, Julie Anderson, Christina Zsolnay, Donna Stern, Law Offices of Wasserman & Stern, David Wasserman Esq, Daniel R Stern Esq, Stellar Management, Laurence Gluck, Paula Katz, Ryan Jackson, Matthew Lebo, San Francisco State University,  individual, heirs, successors, assigns, principals, trustees, sureties, subroutines, representatives, agents, employees, corporate, partnership, associates, and insures of Defendants 1-50

751.    Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

752.    Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is permanently disabled with multiple disabilities including but not limited to a  mobility disability that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, a wheelchair, walker, crutches, a cane, and a rollator.

753.    In early Spring 2011 Plaintiff ("Gavin") asks Defendant ("Parkmerced Investors Properties, LLC.,) employee Defendant ("Bernard Polacci") for a reasonable accommodation to install grab bars in Plaintiff's bathroom.

754.    Defendants ("Parkmerced Investors Properties, LLC.,") denies Plaintiff's reasonable accommodation request for grab bars in Plaintiff's bathroom and does not engage in the interactive process.

755.    In early Spring 2011 Plaintiff ("Gavin") asks Defendants ("Parkmerced Investors Properties, LLC.,) Defendant ("Bernard Polacci") for reasonable accommodation to have a closer parking space near Plaintiff ("Gavin's") home.

756.    Defendants ("Parkmerced Investors Properties, LLC.,") denies Plaintiff's reasonable accommodation for closer parking space next to Plaintiff's home and denies not engage in the interactive process.

757.    At all relevant times to this action, Plaintiff ("Gavin") was and is a "person" within the meaning of Government Code sections 12927, subdivision (f), 12955, subdivisions (a) and (d), and Civ Code section 51, subdivision (b); an "individual with a disability" under Civil Code section 54.1, subdivisions (b)(1) and (b)(3)(B); and an "aggrieved person" within the meaning of Government Code section 12927, subdivision (g), and 12980, subdivision (a).

758.    Defendants ("Parkmerced Investors Properties, LLC.,") owns the apartments at Parkmerced, where Plaintiffs reside.

759.    Defendants ("Parkmerced Investors Properties, LLC.,") is the "owner" of a housing accommodation pursuant to Govern Code sections 12927, subdivision (e), and 12955, subdivision (a); a "person," pursuant to Government Code section 12927, subdivision (f), 12948, and 12955, subdivision (d) and Civil Code section 54.1, subdivision (b)(3)(A); and a "business establishment") within the meaning of Civil Code section 51.

760.    Defendants ("Greystar") is the "owner" of a housing accommodation pursuant to Govern Code sections 12927, subdivision (e), and 12955, subdivision (a); a "person," pursuant to Government Code section 12927, subdivision (f), 12948, and 12955, subdivision (d) and Civil Code section 54.1, subdivision (b)(3)(A); and a "business establishment") within the meaning of Civil Code section 51.

761.    Defendant ("Bernard Polacci") is an employee of Parkmerced's.

762.    Defendant ("Parkmerced Investors Properties") is an "owner" of a housing accommodation pursuant to Govern Code sections 12927, subdivision (e), and 12955, subdivision (a); and a "person," pursuant to Government Code sections 12927, subdivision (f), 12948, and 12955, subdivision (d) and Civil Code section 54.1, subdivision (b)(3)(A).

763.    Plaintiff ("Gavin") allege that Defendants collective actions commit unlawful housing discrimination based on Plaintiff's disabilities by constructively denying reasonable accommodations, and failing to participate in the interactive process.

764.    Plaintiff ("Gavin") allege Defendants collective actions violates Plaintiff's rights under Gov. Code § 12900 et seq.,) (FEHA), the Disable Person Act (Civ. Code § 54 et seq.,) and Unruh Civil Rights Act (Civ. Code § 51et seq.,).

765.    Government Code section 12955, subdivision (a) makes it unlawful for the owner of any housing accommodation to discriminate against any person because of disability.

766.    Government Code section 12927, subdivision (c) (1), defines unlawful "discrimination" to include the "refusal to make reasonable accommodation in rules, policies, practices or services when these accommodations may be necessary to afford a disabled person equal opportunity to use and enjoy a dwelling."

767.    Plaintiffs allege Defendants' actions are intentional because they had notice of Plaintiff ("Gavin's'") disabilities and yet constructively denies the request through unjustifiable delay without engaging in the interactive process.

///

///

768.    As a direct result of Defendants' unlawful housing practices Plaintiff ("Gavin's") family suffers emotional distress, including but not limited to stress and physical injury to be proven at trial.

769.    The discriminatory conduct of Defendants was deliberate and egregious, revealing oppression and malice, or is taken in conscious disregard of the rights, health, safety, and economic condition of Plaintiff ("Gavin"), as defined in Civil Code section 3294, entitling Plaintiff ("Gavin's") family to an award of exemplary and punitive damages.

770.    Defendants collective actions are injurious to Plaintiff ("Gavin"), Plaintiff's family and therapeutic animal will be proven at trial.

TWENTY-SIXTH CAUSE OF ACTION

Discrimination Based on Disability

(Gov. Code § 12955, subd. (k))

All Plaintiffs Against Defendants Fortress Investment Group LLC., Parkmerced Investors Properties, LLC., Robert Rosania, Maximus, Constantine Dakalois, Rockpoint Group LLC, Parkmerced Employees, Seth Mallen, Bernard Pollaci, John Gavin, Kristine Bakr, Didi MacDonald, Bryce Boddie, Julie Anderson, Christina Zsolnay, Donna Stern, Law Offices of Wasserman & Stern, David Wasserman Esq, Daniel R Stern Esq, Stellar Management, Laurence Gluck, Paula Katz, Ryan Jackson, Matthew Lebo, San Francisco State University, individual, heirs, successors, assigns, principals, trustees, sureties, subroutines, representatives, agents, employees, corporate, partnership, associates, and insures of Defendants 1-50

771.    Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

772.    Plaintiff Gavin has a physical disability that substantially limits one or more major life activities.

773.    Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is permanently disabled with multiple disabilities including but not limited to a  mobility disability that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, a wheelchair, walker, crutches, a cane, and a rollator.

774.    In early Spring 2011 Plaintiff ("Gavin") asks Defendant ("Parkmerced Investors Properties, LLC.,) manager Defendant ("Bernard Polacci") for a reasonable accommodation to install grab bars in Plaintiff's bathroom.

775.    Defendant ("Bernard Polacci") denies Plaintiff ("Gavin") reasonable accommodation request for grab bars in Plaintiff's bathroom and discontinues the interactive process.

776.    In early Spring 2011 Plaintiff ("Gavin") asks Defendant ("Parkmerced Investors Properties, LLC.,) manager Defendant ("Bernard Polacci") for reasonable accommodation to have a closer parking space near Plaintiff ("Gavin's") home.

777.    Defendant ("Bernard Polacci") denies Plaintiff ("Gavin") reasonable accommodation request for a closer parking space and discontinues the interactive process.

778.    Gov. Code § 12955, subdivision (k) makes it unlawful to "otherwise make unavailable or deny a dwelling based on discrimination because of a ...disability...,or on any other basis prohibited by that section."

779.    Defendants' collective actions denial of Plaintiff ("Gavin's") request for reasonable accommodations denies Plaintiff's the use and enjoyment of a Parkmerced apartment for which Plaintiff is paying rent.

780.    The discriminatory conduct of Defendants' deprives Plaintiff ("Gavin's") of her civil rights under Gov. Code § 12921, subdivision (b), inter alia, to enjoy the opportunity to have housing without discrimination because of disability.

781.    As a result of Defendants' unlawful housing practices, Defendants violate Gov. Code 12955, subdivision (k).

782.    As a result of Defendants' violation, Plaintiff ("Gavin") suffers emotional distress, including but not limited to stress and physical injury to be proven at trial.

783.    The discriminatory conduct of Defendants was particularly deliberate and egregious, reveling oppression and malice, or was taken in conscious disregard of the rights, health, safety, and economic condition of Plaintiff ("Gavin") as defined in Civ. Code § 3294, entitling her to an award of exemplary and punitive damages.

784.    Plaintiffs allege Defendants, as herein by their conduct with the issuance of over 1,200 Three (3) Day Notices for usurious utility fees (water, sewer and garbage) engage in, a pattern and practice of unlawful housing discrimination.

785.    Defendants collective actions are injurious to Plaintiff ("Gavin"), Plaintiff's family and therapeutic animal will be proven at trial.

TWENTY-SEVENTH CAUSE OF ACTION

(CIV. CODE § 51 et seq., Unruh Act)

All Plaintiffs Against Defendants Fortress Investment Group LLC., Parkmerced Investors Properties, LLC., Robert Rosania, Maximus, Constantine Dakalois, Rockpoint Group LLC, Parkmerced Employees, Seth Mallen, Bernard Pollaci, John Gavin, Kristine Bakr, Didi MacDonald, Bryce Boddie, Julie Anderson, Christina Zsolnay, Donna Stern, Law Offices of Wasserman & Stern, David Wasserman Esq, Daniel R Stern Esq, Stellar Management, Laurence

Gluck, Paula Katz, Ryan Jackson, Matthew Lebo, San Francisco State University,  individual, heirs, successors, assigns, principals, trustees, sureties, subroutines, representatives, agents, employees, corporate, partnership, associates, and insures of Defendants 1-50

786.    Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

787.    Plaintiff Gavin has a physical disability that substantially limits one or more major life activities.

788.    Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is permanently disabled with multiple disabilities including but not limited to a  mobility disability that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, a wheelchair, walker, crutches, a cane, and a rollator.

789.    In early Spring 2011 Plaintiff ("Gavin") asks Defendant ("Parkmerced Investors Properties, LLC.,) manager Defendant ("Bernard Polacci") for a reasonable accommodation to install grab bars in Plaintiff's bathroom.

790.    Defendant ("Bernard Polacci") denies Plaintiff ("Gavin") reasonable accommodation request for grab bars in Plaintiff's bathroom and does not engage in the interactive process.

791.    In early Spring 2011 Plaintiff ("Gavin") asks Defendant ("Parkmerced Investors Properties, LLC.,) manager Defendant ("Bernard Polacci") for reasonable accommodation to have a closer parking space near Plaintiff ("Gavin's") home.

792.    Defendant ("Bernard Polacci") denies Plaintiff ("Gavin") reasonable accommodation request for a closer parking space and does not engage in the interactive process.

///

793.   Government Code section 12955, subdivision (d), provides that it is unlawful "[f]or any person subject to the provisions of section 51 of the Civil Code … to discriminate against any person on the basis of … disability..., or on any other basis prohibited by that section."

794.   Civil Code section 51, subdivision (b), provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their … [disability], are entitled to the full and equal accommodation, advantages, facilities, and privileges, or services in all business establishments of every kind, whatsoever."(Civ. Code § 51 (b).)

795.   Parkmerced is subject to Civil Code section 51, subdivision (b) because it is a business establishment within the meaning of the statue.

796.   Defendants' unjustified response to Plaintiff ("Gavin's") reasonable accommodation requests constitutes unlawful discrimination against a person because of disability, in violation of Civil Code section 51 and Government Code sections 12955, subdivision (d), and 12948, in that said conduct deprives Plaintiff ("Gavin") of the full and equal accommodations, advantages, facilities, privileges or services in a business establishment.

797.   The discriminatory conduct of Defendants was particularly deliberate and egregious, reveling oppression and malice, or was taken in conscious disregard of the rights, health, safety, and economic condition of Plaintiff ("Gavin") as defined in Civ. Code § 3294, entitling her to an award of exemplary and punitive damages.

798.   Defendants collective actions are injurious to Plaintiff ("Gavin"), Plaintiff's family and therapeutic animal will be proven at trial.

///

///

## TWENTY-EIGHTH CAUSE OF ACTION

### (CIV. CODE § 51 et seq., Unruh Act)

All Plaintiffs Against Defendants San Francisco Public Utilities Commission, Ed Harrington, Harlan Kelly, City and County San Francisco, Office of the Mayor, San Francisco Board of Supervisors also known as San Francisco County Transportation Authority Commissioners: John Avalos, Malia Cohen, Carmen Chu, David Campos Esq,, David Chiu Esq, Mark Farrell Esq, Jane Kim Esq, Eric Mar, Ross Markarimi, Sean Elsbernd Esq, Scott Wiener Esq, Michael Yarne Esq, Dennis Herrera Esq, Charles R. Sullivan Esq, Cheryl S. Adams Esq, Office of the District Attorney, George Gascón Esq, and Defendants 1-50

799.    Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

800.    Plaintiff Gavin has a physical disability that substantially limits one or more major life activities.

801.    Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is permanently disabled with multiple disabilities including but not limited to a  mobility disability that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, a wheelchair, walker, crutches, a cane, and a rollator.

802.    Plaintiff ("Gavin") makes multiple trips to Defendant ("SFPUC") to get an explanation on how the usurious utility fees for (water, sewer and garbage) are calculated.

803.    Plaintiff ("Gavin") asks Defendant ("SFPUC") employee if there are assistance programs to assist low-income customers pay for utilities.

804.   Defendant (SFPUC") employee explains to Plaintiff ("Gavin") there are two programs that can assist customers with paying bills they are the Customer Assistance Program and Medical Necessity Assistance Program.

805.   Defendant (SFPUC) employee explains Customer Assistance Program (hereinafter CAP) is for low-income residents.

806.   Defendant (SFPUC) employee explains Medical Necessity Assistance Program (hereinafter MNAP) is for residents with specific durable medical equipment.

807.   Plaintiff ("Gavin") qualifies for both of Defendant's ("SFPUC") programs.

808.   Defendant ("SFPUC") employee explains that a resident can only participate in one program.

809.   Defendant ("SFPUC") denies Plaintiff ("Gavin's") access to both programs because Plaintiff ("Gavin") does not have a meter to measure water usage.

810.   Defendant ("SFPUC") gives Plaintiff ("Gavin") a book to read about how the SFPUC operates.

811.   Defendant ("SFPUC") does not participate in the interactive process.

812.   Plaintiff ("Gavin") alleges Defendant ("SFPUC") violates Plaintiff's rights under the Unruh Act.

813.   Government Code section 12955, subdivision (d), provides that it is unlawful "[f]or any person subject to the provisions of section 51 of the Civil Code … to discriminate against any person on the basis of … disability…, or on any other basis prohibited by that section."

814.   Civil Code section 51, subdivision (b), provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their … [disability], are entitled to the full and

equal accommodation, advantages, facilities, and privileges, or services in all business establishments of every kind, whatsoever."(Civ. Code § 51 (b).)

815.    Defendant ("SFPUC") is subject to Civil Code section 51, subdivision (b) because it is a business establishment within the meaning of the statue.

816.    Defendants' unjustified response to Plaintiff ("Gavin's") reasonable accommodation requests constitutes unlawful discrimination against a person because of disability, in violation of Civil Code section 51 and Government Code sections 12955, subdivision (d), and 12948, in that said conduct deprives Plaintiff ("Gavin") of the full and equal accommodations, advantages, facilities, privileges or services in a business establishment.

817.    The discriminatory conduct of Defendants was particularly deliberate and egregious, reveling oppression and malice, or was taken in conscious disregard of the rights, health, safety, and economic condition of Plaintiff ("Gavin") as defined in Civ. Code § 3294, entitling her to an award of exemplary and punitive damages.

818.    Defendants collective actions are injurious to Plaintiff ("Gavin"), Plaintiff's family and therapeutic animal will be proven at trial.

### TWENTY-NINTH CAUSE OF ACTION

### Discrimination in Public Accommodations

### (Civ. Code § 54.1 et seq., the Disabled Persons Act)

All Plaintiffs Against Defendants Fortress Investment Group LLC., Parkmerced Investors Properties, LLC., Robert  Rosania, Maximus, Constantine Dakalois, Rockpoint Group LLC., Parkmerced Employees, Seth Mallen, Bernard Pollaci, John Gavin, Kristine Bakr, Didi MacDonald, Bryce Boddie, Julie Anderson, Christina Zsolnay, Donna Stern, Law Offices of Wasserman & Stern, David Wasserman Esq, Daniel R Stern Esq, Stellar Management, Laurence Gluck, Paula Katz, Ryan Jackson, Matthew Lebo, San Francisco State University,  individual,

heirs, successors, assigns, principals, trustees, sureties, subroutines, representatives, agents, employees, corporate, partnership, associates, and insures of Defendants 1-50

819.    Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

820.    Plaintiff Gavin has a physical disability that substantially limits one or more major life activities.

821.    Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is permanently disabled with multiple disabilities including but not limited to a mobility disability that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, a wheelchair, walker, crutches, a cane, and a rollator.

822.    On August 25, 2011 Plaintiff's fax Defendant ("Robert Rosania") a letter requesting a "reasonable accommodation" to make installment payments on the usurious utility fees (water, sewer and garbage).

823.    Defendants' Parkmerced Investors Properties, LLC., employees collective actions in an e-mail recommend to Defendant ("Robert Rosania") to deny Plaintiff ("Gavin's") "reasonable accommodation" on installment payments.

824.    Defendant ("Robert Rosania") does not respond to Plaintiff ("Gavin's") letter for a "reasonable accommodation" request and does not engage in the interactive process.

825.    Government Code section 12948 provides that a violation of the Disabled Persons Act, Civ. Code § 54.1, is unlawful practice under the FEHA.

826.    The Disabled Persons Act, Civil Code section 54.1, subdivision (b)(3)(B), prohibits persons from "refus[ing] to make reasonable accommodations in rules, policies, or services,

when those accommodations may be necessary to afford individuals with a disability equal

opportunity to use and enjoy the premises."

827.    Defendants non-response denies to Plaintiff ("Gavin") a reasonable accommodation

request for installment payments on usurious utility fees violates Plaintiff ("Gavin's") rights

under Civ. Code § 54.1 et seq.

828.    Defendants collective actions violates Plaintiff ("Gavin"s") rights under  and Gov. Code §

12948 that state: "It is an unlawful practice under this part for a person to deny or to aid, incite,

or conspire in the denial of the rights created by Section 51, 51.7, 54, 54.1, of the Civil Code ."

829.    As a result of Defendants' violation, Plaintiff ("Gavin") suffers emotional distress,

including but not limited to stress and physical injury to be proven at trial.

830.    The discriminatory conduct of Defendants was particularly deliberate and egregious,

reveling oppression and malice, or was taken in conscious disregard of the rights, health, safety,

and economic condition of Plaintiff ("Gavin") as defined in Civ. Code § 3294, entitling her to an

award of exemplary and punitive damages.

831.    Defendants collective actions are injurious to Plaintiff ("Gavin"), Plaintiff's family and

therapeutic animal will be proven at trial.

///

///

///

///

## THIRTIETH CAUSE OF ACTION

### Discrimination in Public Accommodations

(Civ. Code § 54.1 et seq., The Disabled Persons Act)

All Plaintiffs Against Defendants San Francisco Public Utilities Commission, Ed Harrington, Harlan Kelly, City and County San Francisco, Office of the Mayor, San Francisco Board of Supervisors; John Avalos, Malia Cohen, Carmen Chu, David Campos Esq, David Chiu Esq, Mark Farrell Esq, Jane Kim Esq, Eric Mar, Ross Markarimi, Sean Elsbernd Esq, Scott Wiener Esq, Katy Tang, Norman Yee, and insures of Defendants 1-50

832.    Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

833.    Plaintiff Gavin has a physical disability that substantially limits one or more major life activities.

834.    Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is permanently disabled with multiple disabilities including but not limited to a  mobility disability that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, a wheelchair, walker, crutches, a cane, and a rollator.

835.    Plaintiff ("Gavin") makes multiple visits to Defendant's ("SFPUC") office to get assistance with the usurious utility fees (water, sewer and garbage).

836.    Defendant's ("SFPUC") employee gives Plaintiff material to read about the agency after each visit.

837.    Plaintiff ("Gavin") qualifies to for two programs offered by Defendant ("SFPUC").

838.    Defendant ("SFPUC") has a customer low-income program called Customer Assistance Program (hereinafter CAP).

839.    Defendant ("SFPUC") has a medical necessity program for disabled customers called Medical Necessity Assistance Program (hereinafter MNAP).

840.    Defendant ("SFPUC") MNAP requires specific types of durable medical equipment to qualify for the program.

841.    Defendant's employee states to Plaintiff ("Gavin") that a customer can only participate in one of the programs not both.

842.    Plaintiff ("Gavin") qualifies for the low-income program called CAP.

843.    Plaintiff ("Gavin") qualifies for the medical necessity assistance program called MNAP.

844.    Defendant's ("SFPUC") employee states to Plaintiff ("Gavin") that the Plaintiff cannot participate in either program because Plaintiff ("Gavin") does not have a meter to measure water usage.

845.    Government Code section 12948 provides that a violation of the Disabled Persons Act, Civ. Code § 54.1, is unlawful practice under the FEHA.

846.    The Disabled Persons Act, Civil Code section 54.1, subdivision (b)(3)(B), prohibits persons from "refus[ing] to make reasonable accommodations in rules, policies, or services, when those accommodations may be necessary to afford individuals with a disability equal opportunity to use and enjoy the premises."

847.    Defendants (collectively) violates Plaintiff ("Gavin"s") rights under  and Gov. Code § 12948 that state: "It is an unlawful practice under this part for a person to deny or to aid, incite, or conspire in the denial of the rights created by Section 51, 51.7, 54, 54.1, of the Civil Code ."

848.    As a result of Defendants' violation, Plaintiff ("Gavin") suffers emotional distress, including but not limited to stress and physical injury to be proven at trial.

849.    The discriminatory conduct of Defendants was particularly deliberate and egregious, reveling oppression and malice, or was taken in conscious disregard of the rights, health, safety, and economic condition of Plaintiff ("Gavin") as defined in Civ. Code § 3294, entitling her to an award of exemplary and punitive damages.

850.    Defendants collective actions are injurious to Plaintiff ("Gavin"), Plaintiff's family and therapeutic animal will be proven at trial.

### THIRTY-FIRST CAUSE OF ACTION

Ralph Civil Rights Act, Cal. Civ. Code § 51.7

All Plaintiffs Against Defendants Fortress Investment Group LLC., Parkmerced Investors Properties, LLC., Robert Rosania, Maximus, Constantine Dakalois, Rockpoint Group LLC, Parkmerced Employees, Seth Mallen, Bernard Pollaci, John Gavin, Kristine Bakr, Didi MacDonald, Bryce Boddie, Julie Anderson, Christina Zsolnay, Donna Stern, Law Offices of Wasserman & Stern, David Wasserman Esq, Daniel R Stern Esq, Stellar Management, Laurence Gluck, Paula Katz, Ryan Jackson, Matthew Lebo, San Francisco State University,  individual, heirs, successors, assigns, principals, trustees, sureties, subroutines, representatives, agents, employees, corporate, partnership, associates, and insures of Defendants 1-50

851.    Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

852.    Plaintiff Gavin has a physical disability that substantially limits one or more major life activities.

853.    Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is permanently disabled with multiple disabilities including but not limited to a  mobility disability that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, a wheelchair, walker, crutches, a cane, and a rollator.

854.    On August 23, 2011 the Sunshine Ordinance Task Force (hereinafter SOTF) hears Plaintiff ("Gavin's") Sunshine Complaint #11048 part 1 of 2 against Defendant Supervisor ("Eric Mar").

855.    On August 23, 2011 the SOTF finds in favor of Plaintiff ("Gavin's") family rights in regards to complaint #11048.

856.    On August 23, 2011 the SOTF finds Defendant ("Eric Mar") in violation of the Sunshine Ordinance during an official proceedings for the following: "The Task Force finds that Supervisor Eric Mar violated Sunshine Ordinance Section 67.7(b) for not providing the public with copies of the amendments to the Development Agreement, which were provided to the policy body in connection with an agenda item; and Section 67.15(a) and (b) for failing to adequately notice the substance of the relevant agenda item based on the last minute and substantive change to the item created by the introduction of the 14 pages of amendments. The Task Force continues this complaint to the September 27, 2011 Task Force meeting and names Board President David Chiu, Esq., and Land Use Committee members Supervisor Scott Wiener, Esq., and Supervisor Malia Cohen as respondents to the original complaint.

857.    On August 24, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") has the security guard place an unsigned Three (3) Day Notice for usurious utility fees (water, sewer and garbage) in the amount of 1,586.72 on Plaintiff ("Gavin's") front door knob.

858.    On August 24, 2011 Plaintiff ("Gavin") begins to have heart palpitations and calls Plaintiff's primary physician to make an appointment.

859.    Plaintiff ("Gavin's") family has resided at Parkmerced for 17 months and paid rent on time each month.

860.    Plaintiff ("Gavin's") family is never told about an outstanding balance on the Plaintiff's ledger.

861.    On August 25, 2011 Plaintiff ("Gavin") fax Defendant ("Robert A. Rosania") a letter requests a reasonable accommodation to pay the usurious utility fees (water, sewer and garbage) in arrears with installment payments.

862.    Defendants ("Parkmerced Investors Properties, LLC.,") employees through e-mail urge Defendant ("Robert A. Rosania") to not grant Plaintiff ("Gavin's") reasonable accommodation request.

863.    Defendant ("Robert A. Rosania") does not respond to Plaintiff ("Gavin's") letter and does not engage in the interactive process.

864.    On September 19, 2011 one week before Plaintiff ("Gavin's") second Sunshine Compliant hearing #11048 part 2 of 2 a second Three (3) Day Notice on Plaintiff ("Gavin's") front door knob for usurious utility fees (water, sewer and garbage) in the amount of $1,110.92 that is signed.

865.    On September 19, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") return Plaintiff ("Gavin's") family rent payment and installment for the month September 2011.

866.    On September 30, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") landlord tenant attorneys ("David Wasserman, Esq.,") and ("Daniel Stern, Esq.,") file an unlawful detainer in SF Superior Court against Plaintiff ("Gavin's") family.

867.    On September 30, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") landlord tenant attorneys ("David Wasserman, Esq.,") and ("Daniel Stern, Esq.,") do not disclose that Plaintiff ("Gavin's") family has a federal subsidized Housing Choice Voucher from HUD to assist with rental payments.

868.    On July 02, 2012 Plaintiff ("Gavin") leaves the Court due to heart palpitations.

869.    On July 02, 2012 SF Superior Court does not have jurisdiction over the subject matter in Plaintiffs Housing Assistance Payment contract and errs in a default judgment against Plaintiff ("Gavin's") family.

870.    On July 25, 2012 Plaintiff ("Gavin") is found unconscious by Plaintiff's son Bamidele Hambolu.

871.    On July 25, 2012 Plaintiff ("Gavin") is taken to the hospital by ambulance.

872.    On July 25, 2012 Plaintiff ("Gavin's") family is evicted from their home with only the clothes on their back.

873.    On July 25, 2012 Defendants ("Parkmerced Investors Properties, LLC.,") landlord tenant attorneys ("David Wasserman, Esq.,") and ("Daniel Stern, Esq.,") discards all of Plaintiff ("Gavin's") property.

874.    Defendants collective actions wrongful eviction of Plaintiff ("Gavin's") family causes Plaintiff ("Gavin's") family to become unhoused.

875.    Defendants collective actions wrongful conduct has an adverse impact on Plaintiffs ("Gavin's") family health.

876.    Defendants collective actions culminating in the eviction of Plaintiff ("Gavin's") family is an act of violence as "homeless kills."

877.    Defendants collective actions wrongful conduct has an adverse impact on Plaintiff ("Gavin's") disabilities and health to be proven at trial.

Defendants collective actions violate Plaintiff ("Gavin's") family rights under the Ralph Civil Rights Act, Cal. Civ. Code § 51.7 that states: "(1) All persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed

against their persons or property because of political affiliation, or on account of any

characteristic listed or defined in subdivision (b) or (e) of Section 51, or position in a labor

dispute, or because another person perceives them to have one or more of those characteristics.

The identification in this subdivision of particular bases of discrimination is illustrative rather

than restrictive.

878.    Defendants collective actions are injurious to Plaintiff ("Gavin"), Plaintiff's family and

therapeutic animal will be proven at trial.

### THIRTY-SECOND CAUSE OF ACTION

Deprivation of Rights under Color of Law

California Constitution Article I § 3

All Plaintiffs Against Defendants City and County San Francisco, Office of the Mayor, San

Francisco Board of Supervisors: John Avalos, Malia Cohen, Carmen Chu, David Campos Esq,

David Chiu Esq, Mark Farrell Esq, Jane Kim Esq, Eric Mar, Ross Markarimi, Sean Elsbernd

Esq, Scott Wiener Esq,  Katy Tang, Norman Yee, Michael Yarne Esq, Dennis Herrera Esq,

Charles R. Sullivan Esq, Cheryl S. Adams Esq, District Attorney George Gascón Esq, Attorney

General Kamala Harris Esq, insures of Defendants 1-50

879.    Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

880.    Plaintiff Gavin has a physical disability that substantially limits one or more major life

activities.

881.    Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is

permanently disabled with multiple disabilities including but not limited to a  mobility disability

that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces,

wheelchair, walker, crutches, a cane, and a rollator.

882.   On May 24, 2011 at the full SFBOS meeting pandemonium erupts over the insertion of the 14 "phantom pages" of revisions in Parkmerced's redevelopment agreement.

883.   On May 24, 2011 at the full SFBOS meeting for the vote on Defendants (" Parkmerced Investors Properties, LLC.,") the issue is raised by a Supervisor that insertion of the 14 "phantom pages" of revisions is a violation of the Brown Act.

884.   On May 24, 2011 DCA Defendant Deputy City Attorney Charles R. Sullivan, Esq., (hereinafter DCA Sullivan, Esq.,) states he wrote the 14 "phantom pages" of revisions the night before the meeting.

885.   On May 24, 2011 the question is asked of DCA Defendant Cheryl S. Adams, Esq., at the meeting states there is no violation of the Brown Act.

886.   On May 24, 2011 at the full SFBOS meeting for the vote Defendant Supervisor ("David Chiu, Esq.,") members of the public cannot make public comments on Parkmerced's Redevelopment Agreement.

887.   On May 24, 2011 Defendant Supervisor ("David Chiu, Esq.,") states "if members of the public comment on Parkmerced' Redevelopment Agreement they will be removed from the chambers by San Francisco Sheriff Deputies."

888.   On May 24, 2011 Defendants ("SFBOS") denies residents of Parkmerced to make a meaningful public comment on the demolition on their home.

889.   On May 24, 2011 Defendants ("SFBOS") approve Defendants ("Parkmerced Investors Properties, LLC.,") redevelopment agreement in a 6/5 vote.

890.   On May 24, 2011 at the full SFBOS meeting Plaintiff ("Gavin's") family allege Defendants ("SFBOS") collective actions violates Plaintiffs rights enumerated in the Cal. Const. Article I § 3 (a): "People have the right to instruct their representatives, petition government for

redress of grievances, and assemble freely to consult for the common good." (b): "The people have the right of access to information concerning the conduct of the people's business, and, therefore, the meetings of public bodies and writing of public officials and agencies shall be open to public scrutiny. See Ex 10

891.    Defendants collective actions are injurious to Plaintiff ("Gavin"), Plaintiff's family and therapeutic animal will be proven at trial.

### THIRTY-THIRD CAUSE OF ACTION

### California Constitution Article 1§4

All Plaintiffs Against Defendants Fortress Investment Group LLC., Parkmerced Investors Properties, LLC., Robert Rosania, Maximus, Constantine Dakalois, Rockpoint Group LLC, Parkmerced Employees, Seth Mallen, Bernard Pollaci, John Gavin, Kristine Bakr, Didi MacDonald, Bryce Boddie, Julie Anderson, Christina Zsolnay, Donna Stern, Law Offices of Wasserman & Stern, David Wasserman Esq, Daniel R Stern Esq, Stellar Management, Laurence Gluck, Paula Katz, Ryan Jackson, Matthew Lebo, San Francisco State University,  individual, heirs, successors, assigns, principals, trustees, sureties, subroutines, representatives, agents, employees, corporate, partnership, associates, and insures of Defendants 1-50

892.    Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

893.    Plaintiff Gavin has a physical disability that substantially limits one or more major life activities.

894.    Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is permanently disabled with multiple disabilities including but not limited to a  mobility disability that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, a wheelchair, walker, crutches, a cane, and a rollator.

895.    On July 02, 2011 Defendant ("San Francisco Superior Court") enters a default judgment against Plaintiff ("Gavin's") family.

896.    On July 02, 2011 Defendants (Parkmerced Investors Properties, LLC.,") landlord attorneys Defendants ("Wasserman & Stern") obtain a writ of possession.

897.    On July 25,2011 Plaintiff ("Gavin's") family is wrongfully evicted from Plaintiffs home.

898.    On July 25, 2011 Defendants ("Wasserman & Stern") discards all of Plaintiff ("Gavin's") family property including Plaintiff ("Gavin's") religious items.

899.    Plaintiffs allege Defendants collective actions deprives Plaintiff ("Gavin's") rights enumerated in the California Constitution Article 1 § 4: "Free exercise and enjoyment of religion without discrimination or preference are guaranteed...The legislature shall make no low respecting an establishment of religion." "A person is not incompetent to be a witness or juror because of his or her opinions on religions beliefs."

900.    Defendants collective actions are injurious to Plaintiff ("Gavin"), Plaintiff's family and therapeutic animal will be proven at trial.

///

///

///

///

///

///

///

///

///

///

///

## THIRTY-FOURTH CAUSE OF ACTION

### California Constitution Art I § 7

All Plaintiffs Against Defendants San Francisco Public Utilities Commission, Ed Harrington, Harlan Kelly, City and County San Francisco, Office of the Mayor, San Francisco Board of Supervisors: John Avalos, Malia Cohen, Carmen Chu, David Campos, David Chiu, Mark Farrell, Jane Kim, Eric Mar, Ross Markarimi, Sean Elsbernd, Scott Wiener, Michael Yarne,  City Attorney, Dennis Herrera, Charles R. Sullivan, Cheryl S. Adams, Office of the District Attorney, George Gascón, San Francisco Planning Department Employees, John Rahaim, Richard Cooper, Brian Smith Keith De Martini, Lulu Hwang, Elizabeth Watty, Gwyneth Borden, San Francisco Municipal Transportation Agency Employees: "Peter Albert, Jessica Manzi, Matt Lasky," California Office of the Attorney General, and

901.    Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

902.    Plaintiff Gavin has a physical disability that substantially limits one or more major life activities.

903.    Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is permanently disabled with multiple disabilities including but not limited to a  mobility disability that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, use a wheelchair, walker, crutches, a cane, and a rollator.

904.    Plaintiff ("Gavin") makes multiple visits to Defendant's ("SFPUC") after receiving two Three (3) Day Notices with different amount for usurious utility fees for (water, sewer and garbage).

905.    Defendant's ("San Francisco Public Utility Commission") (hereinafter SFPUC)

906. Defendant's ("SFPUC") gives Plaintiff ("Gavin") material to read.

907. Plaintiff ("Gavin") discovers through reading the material that once a year Defendant's ("SFPUC") customers can contest a bill.

908. Plaintiff ("Gavin's") water is owned by Defendant ("SFPUC").

909. Plaintiff ("Gavin") makes an inquiry about how to participate in the program to contest a utility bill.

910. Defendant ("SFPUC") Plaintiff ("Gavin") is denied access to the program because Plaintiff ("Gavin") does not have a meter to measure water usage.

911. Plaintiff ("Gavin") alleges Defendant's ("SFPUC") actions violates Plaintiff's rights enumerated in the California Constitution Art I § 7, "Due Process and Equal Protection."

912. Defendants collective actions are injurious to Plaintiff ("Gavin"), Plaintiff's family and therapeutic animal will be proven at trial.

## THIRTY-FIFTH CAUSE OF ACTION

### California Constitution Art I § 7

### Procedural Violations

All Plaintiffs Against Defendants Fortress Investment Group LLC., Parkmerced Investors Properties, LLC., Robert Rosania, Maximus, Constantine Dakalois, Rockpoint Group LLC, Parkmerced Employees, Seth Mallen, Bernard Pollaci, John Gavin, Kristine Bakr, Didi MacDonald, Bryce Boddie, Julie Anderson, Christina Zsolnay, Donna Stern, Law Offices of Wasserman & Stern, David Wasserman Esq, Daniel R Stern Esq, Stellar Management, Laurence Gluck, Paula Katz, Ryan Jackson, Matthew Lebo, San Francisco State University, individual, heirs, successors, assigns, principals, trustees, sureties, subroutines, representatives, agents, employees, corporate, partnership, associates, and insures of Defendants 1-50

913. Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

914.    Plaintiff Gavin has a physical disability that substantially limits one or more major life activities.

915.    Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is permanently disabled with multiple disabilities including but not limited to a mobility disability that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, use a wheelchair, walker, crutches, a cane, and a rollator.

916.    The Brook Amendment to the Untied States Housing Act, 42 U.S.C.§§1437a(a), and 1437(o) (2)  - specifying that subsidized tenants may only pay 30 percent of their income as "rent" - prevents Defendants ("Parkmerced Investors Properties, LLC.,") from converting other fees to "rent."

917.    Plaintiff ("Gavin") alleges Defendant's ("Parkmerced Investors Properties, LLC.,") usurious utility fees are an illegal rent increase in violation of the Housing Assistance Payment (hereinafter HAP) contract Defendant's signed with San Francisco Housing Authority.

918.    On August 24, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") the first Three (3)  Day Notice for usurious utility fees (water, sewer and garbage) in the amount of $1,586.72 does not comply with HUD's notice requirements.

919.    On August 24, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") first Three (3)  Day Notice for usurious utility fees (water, sewer and garbage) is unsigned.

920.    On August 30, 2011 Plaintiff ("Gavin") faxes Defendant ("Robert A. Rosania") a letter requesting a reasonable accommodation to make installment payments on the usurious utility fees (water, sewer and garbage).

921.    On September 19, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") a second Three (3) Day Notice for usurious utility fees (water, sewer and garbage) in the amount of $1,110.92 does not comply with HUD's notice requirements.

922.    On September 19, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") second Three (3) Day Notice for usurious utility fees (water, sewer and garbage) in the amount of $1,110.92 does not provide an explanation as to why there is a different amount for usurious utility fees.

923.    Defendants ("Parkmerced Investors Properties, LLC.,") sign a contact with San Francisco Housing Authority to comply with federal laws, federal regulations and federal notices to be eligible to received federal funds for peoples with a Housing Choice Voucher.

924.    Defendants ("Parkmerced Investors Properties, LLC.,") sign a contact with Plaintiff ("Gavin") to comply with procedural protections written into the contract. See Driver v. Housing Authority of Racine County, 713 N.W. 2d 670, 673-675 (Wis. Ct. App. 2006); ("When the written notice is insufficient, it does not matter that the participant had actual notice.")

925.    On September 30, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") states in the unlawful detainer filing at San Francisco Superior Court that due diligence has been made but Plaintiff ("Gavin's") original lease is lost.

926.    The U.S. Department of Housing and Urban Development (HUD) Termination Notice Require the following:

a. The notice must "state the reasons" for termination "with enough specificity so as to enable the tenant to prepare a defense.

b. The specific date the assistance will terminate;

c. The reason(s) for terminating assistance with enough specificity to enable Plaintiff to obtain a defense;

d. The tenant has a right to request, within 10 calendar days from the date of the notice, a meeting with the owner to discuss the proposed termination of assistance; and

    e. The notice must state a tenant who is disabled has the right to request a reasonable accommodation to meet with the owner.

927.    HUD Notice Requirements also recognizes state laws that offer Housing Choice Vouchers protections such as Civ. Code § 1954.535 et seq.

928.    The State of California requires subsidized tenants have a 90-Day Notice under Civ. Code § 1954.535 et seq.,

929.    Defendant's (Parkmerced Investors Properties, LLC.,) Three (3) Day Notices are defective in violation of Plaintiffs "Gavin's") family procedural protection rights under the U.S. Constitution, Fourteenth Amendment "Due Process" and "Equal Protection."

930.    Defendant's (Parkmerced Investors Properties, LLC.,) Three (3) Day Notices are defective in violation of Plaintiff's ("Gavin's") family procedural protection rights under the Cal. Constitution, Article I § 7 "Due Process" and "Equal Protection."

931.    Defendants collective actions are injurious to Plaintiff ("Gavin"), Plaintiff's family and therapeutic animal will be proven at trial.

///

///

///

///

///

THIRTY-SIXTH CAUSE OF ACTION

Deprivation of Rights under Color of Law, CA. Constitution Article 20 § 3

All Plaintiffs Against Defendants San Francisco Public Utilities Commission, Ed Harrington, Harlan Kelly, Office of the Mayor, San Francisco Board of Supervisors also known as San Francisco County Transportation Authority Commissioners: John Avalos, Malia Cohen, Carmen Chu, David Campos Esq, David Chiu Esq, Mark Farrell Esq, Jane Kim Esq, Eric Mar, Ross Markarimi, Sean Elsbernd Esq, Scott Wiener Esq, Katy Tang, Norman Yee, Dennis Herrera Esq, District Attorney, George Gascón Esq, California Attorney General Kamala Harris Esq, SF Planning Department Executive Director, John Rahaim, SFMTA Executive Director Tom Dolan

932.    Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

933.    Plaintiff Gavin has a physical disability that substantially limits one or more major life activities.

934.    Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is permanently disabled with multiple disabilities including but not limited to a mobility disability that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, use a wheelchair, walker, crutches, a cane, and a rollator.

935.    On August 23, 2011 the SOTF finds Supervisor Defendant ("Eric Mar") in violation of the Sunshine Ordinance during official procedural conduct in the insertion of the 14 phantom pages at the Land Use Economic Development Committee meeting.

936.    On September 27, 2011 the SOTF finds Supervisors Defendant ("Malia Cohen"), ("Scott Wiener, Esq.,") and ("David Chiu, Esq.,") in violation of the Sunshine Ordinance.

937.    Plaintiff ("Gavin's") family allege Defendants in combination and collusion to multiple acts violate R.I.C.O during official procedures in the approval of Defendants ("Parkmerced

Investors Properties, LLC.,) redevelopment agreement is a violation of California Constitution, Article XX § 3. See Ex 10

938.    On January 03, 2012 the SOTF finds SF Planning Executive Director Defendant ("John Rahaim") in violation of the Sunshine Ordinance for failure to provide documents.

939.    On April 30, 2014 the SOTF finds San Francisco Human Rights Commission in violation of the Sunshine Ordinance for failure to respond to an immediate disclosure request.

940.    Plaintiff ("Gavin's") family allege City Attorney Defendant ("Dennis Herrera") with legal authority in-actions during official procedures in the approval of Defendants ("Parkmerced Investors Properties, LLC.,) redevelopment agreement is a violation of California Constitution, Article XX § 3 Oath of Office.

941.    On March 13, 2012  SOTF Chairperson Hope Johnson writes District Attorney Defendant (" George Gascón") a letter about the official misconduct of Defendants during the passage of the Parkmerced Redevelopment Agreement.

942.    District Attorney Defendant (" George Gascón") does not respond to Chairperson Hope Johnson's letter.

943.    District Attorney Defendant (" George Gascón") does not respond to Plaintiff ("Gavin's") letters.

944.    Plaintiff ("Gavin's") family allege Defendant (" George Gascón") in-action is a violation of California Constitution, Article XX § 3 Oath of Office.

945.    Plaintiff ("Gavin's") family allege Defendant ("Tom Dolan's") non-disclosure of the $50,000 contribution from Defendants ("Parkmerced Investors Properties, LLC.,") on the SFMTA web site is a violation of California Constitution, Article XX § 3 Oath of Office.

946.    Defendants each take an oath of office to uphold the laws of the U.S. Constitution and California Constitution, Article XX § 3.

947.    On April 30, 2014 the SOTF finds San Francisco Human Rights Commission Executive Director Defendant ("Theresa Sparks") in violation of the Sunshine Ordinance for failure to respond to an immediate disclosure request.

948.    On April 30, 2014 the SOTF finds Human Rights Commission employees in violation of Plaintiff ("Gavin's") rights under the Sunshine Ordinance.

949.    Defendants collective actions are injurious to Plaintiff ("Gavin"), Plaintiff's family and therapeutic animal will be proven at trial.

### THIRTY-SEVENTH CAUSE OF ACTION

#### Deprivation of Rights under bus. Prof. Code § 17200

All Plaintiffs Against Defendants Fortress Investment Group LLC., Parkmerced Investors Properties, LLC., Robert Rosania, Maximus, Constantine Dakalois, Rockpoint Group LLC., Parkmerced Employees, Seth Mallen, Bernard Pollaci, John Gavin, Kristine Bakr, Didi MacDonald, Bryce Boddie, Julie Anderson, Christina Zsolnay, Donna Stern, Law Offices of Wasserman & Stern, David Wasserman Esq, Daniel R Stern Esq, Stellar Management, Laurence Gluck, Paula Katz, Ryan Jackson, Matthew Lebo, San Francisco State University, individual, heirs, successors, assigns, principals, trustees, sureties, subroutines, representatives, agents, employees, corporate, partnership, associates, and insures of Defendants 1-50

950.    Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

951.    Plaintiff Gavin has a physical disability that substantially limits one or more major life activities.

952.    Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is permanently disabled with multiple disabilities including but not limited to a mobility disability that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, use a wheelchair, walker, crutches, a cane, and a rollator.

953.    In September 2009 Defendants ("Parkmerced Investors Properties, LLC.,) submit a redevelopment application to Defendant ("SF Planning Dept").

954.    The redevelopment application states that all of the 1,538 townhome apartments will be demolished at Parkmerced and replaced with 8,900 new units.

955.    On February 26, 2010 the leasing agent does not disclose to Plaintiff ("Gavin") Defendant's ("Parkmerced's Investors Properties LLC").

956.    It is not on Defendants ("Parkmerced Investors Properties, LLC.,") website that a redevelopment application was submitted to Defendant ("SF Planning Dept") for the demolition of 1,538 townhome apartments.

957.    On March 01, 2010 Plaintiffs movie into a 3 bedroom, 2 full bathroom townhome apartment at Parkmerced.

958.    On March 01, 2010 it is not disclosed to Plaintiff ("Gavin's") family that the new home Plaintiffs are moving into will be demolished.

959.    Plantiffs allege Defendants violates Plaintiffs rights to be told prior to rental of the apartment that there are plans to demolish the apartment under Cal. Civ. Code § 1940.6 et seq.

960.    On August 24, 2011 Defendants (collectively) place a Three (3) Day Notice on Plaintiff ("Gavin's") family front door knob for usurious utility fees (water, sewer and garbage) in the amount of $1,538 unsigned.

961.    On August 24, 2011 Defendants (collectively) Three (3) Day Notice for usurious utility fees does not comply with HUD termination notice requirements written into the contract Defenants (collectively) sign.  See Aryeh v. Cannon Business Solutions (151 Cal.Rptr.3d 827.292 P.3d871.55 Cal.4th1185)

962.    On September 19, 2011 Defendants (collectively) place a Three (3) Day Notice on Plaintiff ("Gavin's") family front door knob for usurious utility fees (water, sewer and garbage) in the amount of $1,110.72.

963.    On September 19, 2011  Defendants (collectively) Three (3) Day Notice for usurious utility fees does not comply with HUD termination notice requirements written into the contract Defenants (collectively) sign.

964.    On September 30 2011 Defendants (collectively) file an unlawful detainer in San Francisco Superior Court against Plaintiff ("Gavin's") family.

965.    Defendants ("Parkmerced Investors Properties, LLC.,") landlord attorneys Defendants ("David Wasserman, Esq.,") and (Daniel Stern, Esq.,") file an  unlawful detainer that states Plaintiff ("Gavin's") family a "due diligent" serach has been made however, the Plaintiffs lease is lost.

966.    Defendants ("Parkmerced Investors Properties, LLC.,") landlord attorneys Defendants ("David Wasserman, Esq.,") and (Daniel Stern, Esq.,") file an  unlawful detainer does not state that Plaintiff ("Gavin's") family has a federal subsidized Housing Choice Voucher from HUD.

967.    Defendants ("Parkmerced Investors Properties, LLC.,") landlord attorneys Defendants ("David Wasserman, Esq.,") and (Daniel Stern, Esq.,") file an  unlawful detainer does not state that Defendants have signed a Housing Assistance Payment hereinafter HAP contract with San

Francisco Housing Authority to comply with federal laws, federal regulations and federal housing notices.

968.    Defendants ("Parkmerced Investors Properties, LLC.,") landlord attorneys Defendants ("David Wasserman, Esq.,") and (Daniel Stern, Esq.,") file an  unlawful detainer does not state that Defendants have signed a Housing Assistance Payment addendum contract with Plaintiff ("Gavin")  to comply with federal laws, federal regulations and federal housing notices.

969.    Defendants ("Parkmerced Investors Properties, LLC.,") landlord attorneys Defendants ("David Wasserman, Esq.,") and (Daniel Stern, Esq.,") file an  unlawful detainer to use a statute to circumvent the procedural protections written into the HAP contract.

970.    On July 02, 2012 Plaintiffs are wrongfully evicted from Plaintiffs home in violation of procedural protections written into the HAP contract.

971.    Plaintiff ("Gavin's") family alleges Defendants collective actions in the filing of the unlawful detainer violates Plaintiffs right under Bus. Professions Code § 17200.

972.    Defendants collective actions are injurious to Plaintiff ("Gavin"), Plaintiff's family and therapeutic animal will be proven at trial.

THIRTY-EIGHTH CAUSE OF ACTION

Bus. Prof. Code § 17200 Unfair Business Practices

All Plaintiffs Against Defendants Fortress Investment Group LLC., Parkmerced Investors Properties, LLC., Robert  Rosania, Maximus, Constantine Dakalois, Rockpoint Group LLC., Parkmerced Employees, Seth Mallen, Bernard Pollaci, John Gavin, Kristine Bakr, Didi MacDonald, Bryce Boddie, Julie Anderson, Christina Zsolnay, Donna Stern, Law Offices of Wasserman & Stern, David Wasserman Esq, Daniel R Stern Esq, Stellar Management, Laurence Gluck, Paula Katz, Ryan Jackson, Matthew Lebo, San Francisco State University,  individual,

heirs, successors, assigns, principals, trustees, sureties, subroutines, representatives, agents, employees, corporate, partnership, associates, and insures of Defendants 1-50

973.    Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

974.    Plaintiff Gavin has a physical disability that substantially limits one or more major life activities.

975.    Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is permanently disabled with multiple disabilities including but not limited to a  mobility disability that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, use a wheelchair, walker, crutches, a cane, and a rollator.

976.    Defendants ("Parkmerced Investors Properties, LLC.,") contract with Defendant ("American Utilities Management") hereinafter ("AUM") for third-party billing of utility bills.

977.    Defendant ("AUM") is attempting to collect debts on behalf of another as defined by 15 U.S.C. § 1692a(6). By so doing Defendant ("AUM") initiates multiple legal obligations under the Fair Debt Collections Practices Act hereinafter ("FDCPA") 15 U.S.C. §§ 1692- 1692p et seq., each of which Defendant ("AUM") fails to meet.  Through their deceptive notices, Defendant ("AUM") deprives Plaintiffs of notice of their right to dispute usurious utility fees and hampers their ability to challenge eviction proceedings that allow procedural due process and debt collection efforts. See  Nekole Rucker v. American Utility Management (#2:12-cv-09935-R-PJW).

978.    Defendant ("AUM") non-disclosure of being a debt collector on behalf of their client Defendant ("Parkmerced Investors Properties, LLC.,") is a false statement and violates 15 U.S.C. § 1692a (6): "The injured party may bring an action based on fraud or mistake more than 3 years

after the transaction if the party is able to show that he or she did not discover the facts, and could not with reasonable diligence have discovered them, prior to 3 years before the action." (Witkin, Cal. Proc. 5Th (2008) Plead § 929, p. 344."

979.    Plaintiffs allege Defendant's ("AUM") non-disclosure of being a debt collector is a

980.    false statement and violates 15 U.S.C. § 1692e (10), which provides that "[a] debt collector may not use any false, deceptive or misleading statements in connection with collection of any."

Plaintiff ("Gavin's") family alleges Defendants non-disclosure of being a debt collector is injurious and violates Plaintiff ("Gavin's") family rights under Bus. Prof. Code § 17200 Unfair Business Practices.

THIRTY-NINTH CAUSE OF ACTION

Breach of Contract 24 C.F.R. § 982.453

All Plaintiffs Against Defendants Fortress Investment Group LLC., Parkmerced Investors Properties, LLC., Robert  Rosania, Maximus, Constantine Dakalois, Rockpoint Group LLC, Parkmerced Employees, Seth Mallen, Bernard Pollaci, John Gavin, Kristine Bakr, Didi MacDonald, Bryce Boddie, Julie Anderson, Christina Zsolnay, Donna Stern, Law Offices of Wasserman & Stern, David Wasserman Esq, Daniel R Stern Esq, Stellar Management, Laurence Gluck, Paula Katz, Ryan Jackson, Matthew Lebo, San Francisco State University,  individual, heirs, successors, assigns, principals, trustees, sureties, subroutines, representatives, agents, employees, corporate, partnership, associates, and insures of Defendants 1-50

981.    Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

982.    Plaintiff Gavin has a physical disability that substantially limits one or more major life activities.

983.    Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is permanently disabled with multiple disabilities including but not limited to a mobility disability that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, use a wheelchair, walker, crutches, a cane, and a rollator.

984.    24 C.F.R. § 982.453[4], 42 U.S.C. A. § 1437f(d)(1)(B) *federal regulations are mandatory as they set guidelines for evictions* and in accordance to 24 C.F.R. 247 (a)(2), HUD handbook 4350.3, "*landlord action must state enough specificity so as to enable the tenant to prepare a defense.* See also <u>Anderson v. Denny,</u> 365 F. Supp. 1254, 1260 (W.D. Va. 1973); see also <u>Calder v. Durham Housing Authority,</u> 433 F. 2d 998 (4th Cir. 1970), (each determining due process requirements after finding that public housing tenancy is a property right protected by due process). ( 24 C.F.R. § 982.453 Owner Breach of Contract: (a) Any of the following actions by the owner (including a principal or other interested party) is a breach of the HAP contract by the owner.  See HUD Regulations

- (1) If the owner has violated any obligation under the HAP contract for the dwelling unit, including the owner's obligation to maintain the unit in accordance with the HQS

- (2) If the owner has violated any obligation under any other HAP contract under Section 8 of the 1937 Act (42 U.S.C. 1437f)

- (3) If the owner has committed fraud, bribery or any other corrupt or criminal act in connection with any federal housing program.

---

[4]    24 C.F.R. § 982.453 Owner Breach of Contract: (a) Any of the following actions by the owner (including a principal or other interested party) is a breach of the HAP contract by the owner.
     (1) If the owner has violated any obligation under the HAP contract for the dwelling unit, including the owner's obligation to maintain the unit in accordance with the HQS
     (2) If the owner has violated any obligation under any other HAP contract under Section 8 of the 1937 Act (42 U.S.C. 1437f)
     (3) If the owner has committed fraud, bribery or any other corrupt or criminal act in connection with any federal housing program.

985.    Defendants ("Parkmerced Investors Properties, LLC.,") (sign the Housing Assistance Payment hereinafter (HAP) contract with San Francisco Housing Authority stating Defendants will comply with federal laws, federal regulations and HUD notices to receive federal financial funds for housing payments.

986.    Defendants ("Parkmerced Investors Properties, LLC.,") (collectively) sign the Housing Assistance Payment hereinafter (HAP) contract Part C with Plaintiff ("Gavin") stating Defendants will comply with federal laws, federal regulations and HUD notices to receive federal financial funds for housing payments.

987.    "The lease is a contract.  Just as the landlord has a right to enforce the contract, the tenant has a contract right to enforce the procedural provisions written into the contract.  Judges who may not regularly see federally subsidized eviction cases and who may be unfamiliar with the importance of the tenant rights can certainly understand an argument based on the lease contract."

988.    In Spring 2011 Plaintiff ("Gavin") requests a reasonable accommodation to have grab bars in Plaintiff's bathroom and a closer parking space.

989.    Defendants ("Parkmerced Investors Properties, LLC.,") do not respond to Plaintiff ("Gavin's") request and do not engage in the interactive process.

990.    Defendants do not comply with the 24 C.F.R. 100.204 (a) reasonable accommodation request referenced in the HAP contract signed by Defendants (collectively).

991.    On August 23, 2011 Plaintiffs win a Sunshine hearing in part 1 of 2 in case #11048 against Defendants ("SF BOS") that render Parkmerced Redevelopment Agreement "null" and "void."

992.    On August 23, 2011 Defendant ("Bernard Polacci") is seen scurrying from the Sunshine hearing after a decision is rendered in Plaintiff ("Gavin's") family case.

993.    On August 24, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") (collectively) place a Three (3) Day Notice on Plaintiffs front door knob for usurious utility fees (water, sewer and garbage) in the amount of $1,586.72.

994.    On August 24, 2011 Defendants' Three (3) Day Notice for usurious utility fees violates Plaintiff ("Gavin's") is a breach of the notice requirements written into HUD Handbook 4350.3 chp. 8 § 3, para.8-13-B2(c)(4).  See 24 C.F.R. § 247.3 (a) (2011); Leake v. Ellicott Redevelopment Phase II, 470 F. Supp. 600, 602 (W.D.N.Y. 1979); Riverview Towers Associates v. Jones, 817 A.2d 324 (N.J. Super. Ct. App Div. 2003) (landlord must comply with lease requirements.

995.    On August 24, 2011 Defendants collective actions  in the issuance of the first Three (3) Day Notice that does not comply with HUD regulations is a breach the HAP contract.

996.    On August 25, 2011 Plaintiff ("Gavin") faxes Defendant ("Robert A. Rosania") a letter requesting a reasonable accommodation to may installment payments on the usurious utility fees in arrears.

997.    In an e-mail Defendants ("Parkmerced Investors Properties, LLC.,) employees urge Defendant ("Robert A. Rosania") to not offer Plaintiff ("Gavin") a reasonable accommodation.

998.    Defendant ("Robert A. Rosania") does not respond to Plaintiff ("Gavin's") letter and does not engage in the interactive process.

999.    On August 25, 2011 Defendants collective actions to deny Plaintiff ("Gavin") a reasonable accommodation is a breach of the HAP contract under 24 C.F.R. 100.204 (a) It shall

be unlawful for any person to refuse to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a handicapped person equal opportunity to use and enjoy a dwelling unit, including public and common areas.

1000.   On September 19, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") place a second Three (3) Notice on Plaintiff ("Gavin's") family front door knob one week before Plaintiff ("Gavin's") family second Sunshine hearing in part 2 of 2 in case #11048.

1001.   On September 19, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") (collectively) sign the second Three (3) Day Notice on Plaintiffs front door knob  for usurious utility fees (water, sewer and garbage) in the amount of $1,110.92.

1002.   On September 19, 2011 Defendants collective actions breach the HAP contract.  See Timber Ridge v. Caldwell, 672, S.E.2d 735 (N.C. Ct. App. 2009); Lincoln Terrace Associates, Ltd., v. Kelly 635S.E.2d434, (N.C. Ct. App. 2006).

1003.   On September 30, 2011 Defendants ("Wasserman and Stern Law Office, LLP") collective actions state in the filing of the unlawful detainer against Plaintiff ("Gavin's") family that a due diligent effort was made of to find Plaintiff ("Gavin's") lease but it is lost.

1004.   Plaintiff ("Gavin") alleges Defendants (collectively) are Constitutional Officers of the Court.

1005.   Plaintiff ("Gavin's") alleges Defendants omission of Plaintiff ("Gavin's") family lease is lost thus Defendants have are not in compliance with the procedural due process procedures written into the Housing Assistance Payment (HAP) contract. See Moon v. Spring Creek Apartments, 11 S.W.3d 427 (Tex. App. - Texarkana 2000, no pet.) (termination notice failed to

meet the specificity requirement mandated by the federal regulations and constitutional due process and therefore, tenant's lease was not lawfully terminated).

1006.   On July 02, 2012 San Francisco Superior Court does not have jurisdiction over the subject matter that governs Plaintiff ("Gavin's") family HAP contract that have procedural protection under federal laws, federal regulations and HUD notices written into the contract.

1007.   On July 02, 2012 San Francisco Superior Court errs in the default judgment against Plaintiff ("Gavin's") family.

1008.   On July 02, 2012 Defendant ("SF Superior Court") renders a decision to evict Plaintiff ("Gavin's") from Plaintiff's home in violation of the procedural protections written into the HAP contract.  See Lakeside Gardens v. Lashay, No. 2007API246, 2008 Wisc. App. LEXIS 43, *3-8 (Wis. Ct. App. Jan. 16, 2008) (subsidized owner must comply with federal rules relating to notice of lease termination even if the terms are not included in the lease); see also Swords to Plowshares v. Smith, 294 F. Supp. 2D1067, 1070-72 (N.D. Cal 2002) (recognizing that landlord must comply with applicable federal regulations when serving lease termination notice.

1009.   Defendants ("Parkmerced Investors Properties LLC.,") collective actions are injurious to Plaintiff ("Gavin"), Plaintiff's family and therapeutic animal will be proven at trial.

### FORTIETH CAUSE OF ACTION

### Fraud Upon the Court

All Plaintiffs Against Defendants Fortress Investment Group LLC., Parkmerced Investors Properties, LLC., Robert Rosania, Maximus, Constantine Dakalois, Rockpoint Group LLC., Parkmerced Employees, Seth Mallen, Bernard Pollaci, John Gavin, Kristine Bakr, Didi MacDonald, Bryce Boddie, Julie Anderson, Christina Zsolnay, Donna Stern, Law Offices of Wasserman & Stern, David Wasserman Esq, Daniel R Stern Esq, Stellar Management, Laurence Gluck, Paula Katz, Ryan Jackson, Matthew Lebo, San Francisco State University,  individual,

heirs, successors, assigns, principals, trustees, sureties, subroutines, representatives, agents, employees, corporate, partnership, associates, and insures of Defendants 1-50

1010.   Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

1011.   Plaintiff Gavin has a physical disability that substantially limits one or more major life activities.

1012.   Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is permanently disabled with multiple disabilities including but not limited to a  mobility disability that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, use a wheelchair, walker, crutches, a cane, and a rollator.

1013.   On August 23, 2011 Plaintiffs win a Sunshine hearing in part 1 of 2 in case #11048 against Defendants ("SF BOS") that render Parkmerced Redevelopment Agreement "null" and "void."

1014.   On September 30, 2011 Defendants ("Wasserman and Stern Law Office, LLP") collective actions state in the filing of the unlawful detainer against Plaintiff ("Gavin's") family that a due diligent effort was made of to find Plaintiff ("Gavin's") lease but it is lost.

1015.   Plaintiff ("Gavin") alleges Defendants (collectively) are Constitutional Officers of the Court.

1016.   Plaintiff ("Gavin's") alleges Defendants omission of Plaintiff ("Gavin's") family lease is lost thus Defendants have are not in compliance with the procedural due process procedures written into the Housing Assistance Payment (HAP) contract. See Moon v. Spring Creek Apartments, 11 S.W.3d 427 (Tex. App. - Texarkana 2000, no pet.) (termination notice failed to

meet the specificity requirement mandated by the federal regulations and constitutional due process and therefore, tenant's lease was not lawfully terminated).

1017.   On July 02, 2012 San Francisco Superior Court does not have jurisdiction over the subject matter that governs Plaintiff ("Gavin's") family HAP contract that have procedural protection under federal laws, federal regulations and HUD notices written into the contract.

1018.   On July 02, 2012 San Francisco Superior Court errs in the default judgment against Plaintiff ("Gavin's") family.

1019.   On July 02, 2012 Defendant ("SF Superior Court") renders a decision to evict Plaintiff ("Gavin's") from Plaintiff's home in violation of the procedural protections written into the HAP contract.  See Lakeside Gardens v. Lashay, No. 2007API246, 2008 Wisc. App. LEXIS 43, *3-8 (Wis. Ct. App. Jan. 16, 2008) (subsidized owner must comply with federal rules relating to notice of lease termination even if the terms are not included in the lease); see also Swords to Plowshares v. Smith, 294 F. Supp. 2D1067, 1070-72 (N.D. Cal 2002) (recognizing that landlord must comply with applicable federal regulations when serving lease termination notice.

1020.   On July 02, 2012 San Francisco Superior Court does not have jurisdiction over the subject matter that governs Plaintiff ("Gavin's") family HAP contract that have procedural protection under federal laws, federal regulations and HUD notices written into the contract.

1021.   On July 02, 2012 Defendants ("Parkmerced Investors Properties, LLC.,") landlord attorneys denies Plaintiff ("Gavin") a reasonable accommodation to have additional time to move-out of the apartment.  HUD pays the subsidized rent as long as the tenant with a Housing Choice Voucher is in the unit.

///

1022.   On July 02, 2012 San Francisco Superior Court errs in the default judgment against Plaintiff ("Gavin's") family.

1023.   Defendants ("Parkmerced Investors Properties, LLC.,") landlord attorneys Defendants ("David Wasserman, Esq.,"), ("Daniel Stern, Esq.,") are Constitutional Officers of the Court.

1024.   Plaintiff ("Gavin's") family allege Defendants ("David Wasserman, Esq.,"), ("Daniel Stern, Esq.,") and Defendant (Wasserman and Stern Law Offices") in combination and collusion to commit multiple predicate acts that deprives Plaintiff ("Gavin's") family of their civil rights is a violation of Business Professions Code §§ 6067 and 6068, thus commit fraud upon the court.

1025.   Defendants collective actions are injurious to Plaintiff ("Gavin"), Plaintiff's family and therapeutic animal will be proven at trial.

///

///

///

///

///

///

///

///

///

///

///

## FORTY-FIRST CAUSE OF ACTION

Deprivation of Rights Under Color of Law

Fraud Cal. Civ. Code § 1572 et seq.

All Plaintiffs Against Defendants Parkmerced Investors Properties., Robert. A. Rosania,

Maximus,  Stellar Management, Seth Mallen Real Estate Partners, Fortress Investment Group,

LLC, Constantine Dakalois, Rock Point Investment Group, San Francico State University, San

Francisco County Transportation Authority Commissioners/San Francisco Board of Supervisors,

John Avalos, Malia Cohen, Carmen Chu, David Campos Esq, David Chiu Esq, Mark Farrell Esq,

Jane Kim Esq, Eric Mar, Ross Markarimi, Sean Elsbernd Esq, Scott Wiener Esq, Katy Tang,

Norman Yee, Michael Yarne Esq,  Dennis Herrera Esq, Charles R. Sullivan Esq, Cheryl S.

Adams Esq, District Attorney, George Gascón Esq, and insures of Defendants 1-50


1026.   Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

1027.   Plaintiff Gavin has a physical disability that substantially limits one or more major life

activities.

1028.   Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is

permanently disabled with multiple disabilities including but not limited to a  mobility disability

that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, use a

wheelchair, walker, crutches, a cane, and a rollator.

1029.   Michael Yarne, Esq., of the Office of Workforce Economic Development hereinafter

("OWED") is the Project Manager I is assigned to work on the Parkmerced Development

Agreement.

1030.  On the weekend of May 21, 2011 and May 22, 2011 Michael Yarne, Esq., conspires with Defendants ("Parkmerced") and ("SFBOS") on the Land Use Economic Development Committee to obscure 14 phantom pages of revisions to the Parkmerced redevelopment agreement from the public.

1031.  Defendant Michael Yarne, Esq., calls each Supervisor on the Land Use Economic Development Committee and asks the Supervisors to adopt the 14 pages of revisions to Defendant ("Parkmerced's") redevelopment agreement that will be presented at their next Land Use Economic Development Committee meeting.

1032.  On May 24, 12011 the Land Use Economic Development Committee is moved to coincide with the day the Full Board of Supervisors meet to vote on Defendant ("Parkmreced's") redevelopment agreement.

1033.  On Tuesday, May 24, 2011 President of the Board of Supervisors Defendant David Chiu, Esq., and asks Supervisors on the Land Use Economic Development Committee to adopt the 14 phantom pages of revisions and to recommend them the pages to the full Board of Supervisors without any changes.

1034.  On Tuesday, May 24, 2011 the Supervisor of the district where Parkmerced is located Defendant Supervisor ("Sean Elsbernd") accompanies Defendant Supervisor ("David Chiu") to the Land Use Economic Development Committee meeting.

1035.  A motion is made and passed to insert the 14 phantom pages of revisions into Defendant's ("Parkmerced") redevelopment agreement without any changes and to recommend the revisions to the full Board of Supervisors.

1036.  On May 24, 2011 the meeting with Defendants the full ("SFBOS") meets about 2 hours after the Land Use Economic Development Committee.

1037.  On May 24, 2011 at Defendants full ("SFBOS") meeting the issue is raised by one of the Defendants a Supervisor that the adaptation of the 14 pages of revisions could be a possible violation of the Ralph M. Brown Act hereinafter the (Brown Act) state law that pertains to public meetings.

1038.  A question is presented to a Deputy City Attorney hereinafter ("DCA") Cheryl S. Adams Esq., about the legality of the procedure.

1039.  Another Supervisor raise the issue that it is not legal.

1040.  Defendant DCA Adams, Esq., states there are no violations of the Brown Act.

1041.  The issue is raised by a Supervisor that there is a possible violation of San Francisco Sunshine Ordinance.

1042.  Defendant DCA Charles R. Sullivan states he wrote the 14 phantom pages of revisions the night before the meeting.

1043.  Defendant DCA Adams, Esq., states there are no violations of the Sunshine Ordinance.

1044.  Defendant City Attorney Dennis Herrera (hereinafter CA Herrera) is present throughout the entire meeting and does not make any comments.

1045.  Defendant Supervisor ("David Chiu") is states that there will be no public comments made on the Parkmerced Development Agreement in the chambers or people will be escorted out the San Francisco Deputies.

1046.  Members of the public are very upset that they are denied the opportunity to make a comment on the demolition of their home.

1047.  Defendant Supervisor Carmen Chu does not recuse herself from the vote on Defendant ("Parkmerced's") redevelopment agreement.

1048.  Defendant Supervisor ("Carmen Chu") does not disclose that her district will benefit from the passage of Parkmerced's redevelopment agreement.

1049.  Defendants ("SF BOS") in a 6/5 vote approve the Parkmerced redevelopment agreement.

1050.  The Defendant ("City and County of San Francisco") is paid $300 million for passage of the Parkmerced Development Agreement.

1051.  Plaintiffs allege in combination and collusion to multiple predicate act Defendants in concert conspire to commit fraud during an official proceeding.  See Ex 10 & 11

1052.  Defendants collective actions are injurious to Plaintiff ("Gavin"), Plaintiff's family and therapeutic animal will be proven at trial.

FORTY-SECOND CAUSE OF ACTION

Misappropriation of Federal Funds

All Plaintiffs Against Defendants Fortress Investment Group LLC., Parkmerced Investors Properties, LLC., Robert  Rosania, Maximus, Constantine Dakalois, Rockpoint Group LLC, Parkmerced Employees, Seth Mallen, Bernard Pollaci, John Gavin, Kristine Bakr, Didi MacDonald, Bryce Boddie, Julie Anderson, Christina Zsolnay, Donna Stern, Law Offices of Wasserman & Stern, David Wasserman Esq, Daniel R Stern Esq, Stellar Management, Laurence Gluck, Paula Katz, Ryan Jackson, Matthew Lebo, San Francisco State University,  individual, heirs, successors, assigns, principals, trustees, sureties, subroutines, representatives, agents, employees, corporate, partnership, associates, and insures of Defendants 1-50

1053.   Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

1054.  Plaintiff Gavin has a physical disability that substantially limits one or more major life activities.

1055.  Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is permanently disabled with multiple disabilities including but not limited to a mobility disability that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, use a wheelchair, walker, crutches, a cane, and a rollator.

1056.  Defendants are recipients of Federal financial assistance.

1057.  Plaintiffs allege Defendants (collective actions) in the wrongful eviction of Plaintiffs is discriminatory in violation of contracts Defendants sign with the Federal Government.

1058.   Recipients of Federal financial assistance are prohibited from discriminatory practices.

1059.  Defendants ("Parkerced Investors Properties LLC") Three (3) Day Notices do not comply with HUD's termination requirements

1060.  HUD's notice requirements are as follows:   24 C.F.R. § 982.453 Owner Breach of Contract: (a) Any of the following actions by the owner (including a principal or other interested party) is a breach of the HAP contract by the owner.

- (1) If the owner has violated any obligation under the HAP contract for the dwelling unit, including the owner's obligation to maintain the unit in accordance with the HQS

- (2) If the owner has violated any obligation under any other HAP contract under Section 8 of the 1937 Act (42 U.S.C. 1437f)

- (3) If the owner has committed fraud, bribery or any other corrupt or criminal act in connection with any federal housing program.

1061.  Plaintiff ("Gavin") alleges Defendants ("Parkmerced Investors Properties LLC") noncompliance with HUD notice for termination requirements are a misappropriation of federal funds.

1062.   The State of California law termination notices for residents with a subsidized housing contract are to be given a 90 Day Notice states the following:

1063.   Cal. Civ Code § 1954.535 Where an owner terminates or fails to renew a contract or recorded agreement with a governmental agency that provides for rent limitations to a qualified tenant, the tenant or tenants who were the beneficiaries of the contract or recorded agreement shall be given at least 90 days' written notice of the effective date of the termination and shall not be obligated to pay more than the tenant's portion of the rent, as calculated under the contract or recorded agreement to be terminated, for 90 days following receipt of the notice of termination of non-renewal of the contract.

1064.   On August 24, 2011 Defendant's ("Parkmerced Investors Properties LLC") Three (3) Day Notice is unsigned.

1065.   On August 24, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") place a Three (3) Notice on Plaintiffs front door knob for usurious utility fees (water, sewer and garbage) in the amount of $1,1586.72 violates California state law for subsidized tenants.

1066.   On August 24, 2011 Defendants notice does not comply with the state law Cal. Civ. Code §1954.535 et seq.

1067.   On August 24, 2011 Defendant's ("Parkmerced's Investors Properties LLC., ) notice is defective under Cal. Civ. Code § 1954.535 et seq.

1068.   On September 19, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") landlord attorneys Defendants ("David Wasserman, Esq.,") and ("Daniel Stern, Esq.,") second Three (3) Day Notice is $1,110.92 for (water, sewer and garbage) is signed.

1069.   On September 19, 2011 Defendants notice does not comply with the state law Cal. Civ. Code §1954.535 et seq.

1070.  On September 19, 2011 Defendant's ("Parkmerced's Investors Properties LLC., ) notice is defective under Cal. Civ. Code § 1954.535 et seq.

1071.  Plaintiff ("Gavin") alleges Defendants ("Parkmerced Investors Properties LLC") notices are defective and fraudulent.  See also Hedco Limited v. Blanchette, 763 A 2nd 639, 642 (R.I. 2000) (notice landlord's compliance with meeting and confer requirement in HUD Handbook), Green Park Associates v. Inman, 467 N.Y.S. 2S 50, 501 (N.Y. Civ. Ct. 1983) (landlord's must comply with HUD Handbook in terminating tenancy in HUD subsidized housing).

1072.  Defendants collective actions are injurious to Plaintiff ("Gavin"), Plaintiff's family and therapeutic animal will be proven at trial.

### FORTY-THIRD CAUSE OF ACTION

### Cal. Civ. Code § 1711 Deceit

All Plaintiffs Against Defendants Fortress Investment Group LLC., Parkmerced Investors Properties, LLC., Robert  Rosania, Maximus, Constantine Dakalois, Rockpoint Group LLC, Parkmerced Employees, Seth Mallen, Bernard Pollaci, John Gavin, Kristine Bakr, Didi MacDonald, Bryce Boddie, Julie Anderson, Christina Zsolnay, Donna Stern, Law Offices of Wasserman & Stern, David Wasserman Esq, Daniel R Stern Esq, Stellar Management, Laurence Gluck, Paula Katz, Ryan Jackson, Matthew Lebo, San Francisco State University,  individual, heirs, successors, assigns, principals, trustees, sureties, subroutines, representatives, agents, employees, corporate, partnership, associates, and insures of Defendants 1-50

1073.  Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

1074.  Plaintiff Gavin has a physical disability that substantially limits one or more major life activities.

1075.  Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is permanently disabled with multiple disabilities including but not limited to a mobility disability that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, use a wheelchair, walker, crutches, a cane, and a rollator.

1076.  On August 23, 2011 Plaintiffs win a Sunshine hearing in part 1 of 2 in case #11048 against Defendants ("SF BOS") that render Parkmerced Redevelopment Agreement "null" and "void."

1077.  On August 23, 2011 Defendant ("Bernard Polacci") is seen scurrying from the Sunshine hearing after a decision is rendered in Plaintiff ("Gavin's") family case.

1078.  On August 24, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") (collectively) place a Three (3) Day Notice on Plaintiffs front door knob for usurious utility fees (water, sewer and garbage) in the amount of $1,586.72.

1079.  On August 24, 2011 Defendants' Three (3) Day Notice for usurious utility fees violates Plaintiff ("Gavin's") family Housing Choice Voucher HAP contract in that the notice must "state the reasons for termination with enough specificity so as to enable the tenant to prepare a defense."

1080.  On August 25, 2011 Plaintiff ("Gavin") faxes Defendant ("Robert A. Rosania") a letter requesting a reasonable accommodation to may installment payments on the usurious utility fees in arrears.

1081. On August 25, 2011 the e-mail between Defendants ("Parkmerced Investors Properties, LLC.,") employees urge Defendant ("Robert A. Rosania") to not offer Plaintiff ("Gavin") a reasonable accommodation.

1082.  Defendant ("Robert A. Rosania") non-response denies Plaintiff ("Gavin's") a reasonable accommodation to make installment payments on usurious utility fees in arrears and does not engage in the interactive process violates Plaintiff's civil rights as a disabled person under federal and state laws.

1083.  On September 19, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") place a second Three (3) Notice on Plaintiff ("Gavin's") family front door knob one week before Plaintiff ("Gavin's") family second Sunshine hearing in part 2 of 2 in case #11048.

1084.  On September 19, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") (collectively) place a second Three (3) Day Notice on Plaintiffs front door knob for usurious utility fees (water, sewer and garbage) in the amount of $1,110.72.

1085.  On September 19, 2011 Defendants' Three (3) Day Notice for usurious utility fees fraudulent.

1086.  On September 30, 2011 Defendants ("Fortress Investment Group") (collectively) file an unlawful detainer against Plaintiff ("Gavin's") family in San Francisco Superior Court.

1087.  On September 30, 2011 Defendants ("Fortress Investment Group") (collectively) in the Court filing do not disclose Plaintiff ("Gavin's") family has a federal subsidized Housing Choice Voucher from the U.S. Department of Housing and Urban Development and Defendants sign a Housing Assistance Payment contract with San Francisco Housing Authority to comply with Federal laws, regulations and state laws.

1088.  On September 30, 2011 Defendants (collectively) in the Court filing do not disclose Defendants (collectively) sign a Housing Assistance Payment addendum with Plaintiff ("Gavin") to comply with Federal laws, regulations and state laws.

1089.   On September 30, 2011 Defendants (collectively) in the SF Superior Court filing state the unlawful detainer that Plaintiff ("Gavin's") a due diligent effort was made of to find Plaintiff ("Gavin's") lease but it is lost.

1090.   On July 02, 2012 San Francisco Superior Court does not have jurisdiction over the subject matter that governs Plaintiff ("Gavin's") family HAP contract that have procedural protection under federal laws, federal regulations and HUD notices written into the contract.

1091.   On July 02, 2012 Defendants ("Parkmerced Investors Properties, LLC.,") landlord attorneys Defendant ("Wasserman & Stern Law Office LLP") denies Plaintiff ("Gavin") a reasonable accommodation to have additional time to move-out of the apartment.

1092.   HUD pays the subsidized rent as long as the tenant with a Housing Choice Voucher is in the unit.

1093.   On July 02, 2012 San Francisco Superior Court errs in the default judgment against Plaintiff ("Gavin's") family.

1094.   Defendants ("Parkmerced Investors Properties, LLC.,") landlord attorneys Defendants ("David Wasserman, Esq.,"), ("Daniel Stern, Esq.,") are Constitutional Officers of the Court.

1095.   Plaintiff ("Gavin's") family allege Defendants ("David Wasserman, Esq.,"), ("Daniel Stern, Esq.,") and Defendant (Wasserman and Stern Law Offices") in combination and collusion to commit multiple predicate acts that deprives Plaintiff ("Gavin's") family of their civil rights is a violation of Business Professions Code §§ 6067, 6068, and commit fraud upon the court.

1096.   On September 30, 2011 Defendants (collectively) unlawful  detainer in SF Superior Court against Plaintiff ("Gavin's") family that have multiple ommissions of facts is deceitful.

1097.    Defendants collective actions are injurious to Plaintiff ("Gavin"), Plaintiff's family and therapeutic animal will be proven at trial.

## FORTY-FOURTH CAUSE OF ACTION

### Breach of Implied Warranty

All Plaintiffs Against Defendants Fortress Investment Group LLC., Parkmerced Investors Properties, LLC., Robert Rosania, Maximus, Constantine Dakalois, Rockpoint Group LLC, Parkmerced Employees, Seth Mallen, Bernard Pollaci, John Gavin, Kristine Bakr, Didi MacDonald, Bryce Boddie, Julie Anderson, Christina Zsolnay, Donna Stern, Law Offices of Wasserman & Stern, David Wasserman Esq, Daniel R Stern Esq, Stellar Management, Laurence Gluck, Paula Katz, Ryan Jackson, Matthew Lebo, San Francisco State University, individual, heirs, successors, assigns, principals, trustees, sureties, subroutines, representatives, agents, employees, corporate, partnership, associates, and insures of Defendants 1-50

1098.    Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

1099.    Plaintiff Gavin has a physical disability that substantially limits one or more major life activities.

1100.    Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is permanently disabled with multiple disabilities including but not limited to a mobility disability that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, use a wheelchair, walker, crutches, a cane, and a rollator.

1101.    On March 01, 2010 Plaintiff ("Gavin's") family moves into Parkmerced.

1102.    Plaintiff ("Gavin") turns on the oven in the kitchen for the pizza Plaintiffs will have for dinner.

1103.    Plaintiff ("Gavin") checks the oven twenty minutes later to see if it is warm enough for the pizza.

1104.  Plaintiff ("Gavin") opens the oven door and burst of fire shoots out from the oven that burns Plaintiff's hair, eye lashes, eye brows and cheeks.

1105.  Plaintiff ("Gavin") screams and the Plaintiff's daughter comes to find out what happened.

1106.  Plaintiff ("Gavin's") daughter immediately drives the Plaintiff to the hospital where the Plaintiff is treated for burns to the Plaintiff's face.

1107.  Upon Plaintiffs return home Plaintiff ("Gavin") calls the utility company Pacific Gas and Electric hereinafter PG & E to report a possible gas leak.

1108.  The utility company PG & E sends someone out to inspect the stove.

1109.  The utility company PG & E employee said that there was an issue with the stove.

1110.  Plaintiff ("Gavin") reports the incident to Parkmeced's office the next day.

1111.  Defendants ("Parkmerced Investors Properties, LLC") office employee denies there is anything wrong with the stove in the Plaintiff's apartment because it has been renovated.

1112.  Defendants ("Parkmerced Investors Properties, LLC") office employee tells Plaintiff ("Gavin") that everything in the townhome apartment is brand new.

1113.  Defendants ("Parkmerced Investors Properties, LLC") do not change the oven for a month.

1114.  Plaintiff ("Gavin's") family is afraid of the stove and eats cold cuts for one month until the oven is changed.

1115.  On May 12, 2012 Defendants ("Parkmerced Investors Properties LLC" are served the complaint about Plaintiff ("Gavin's") stove injury.

1116.  Defendants collective actions are injurious to Plaintiff ("Gavin"), Plaintiff's family and therapeutic animal will be proven at trial.

## FORTY-FIFTH CAUSE OF ACTION

Retaliation Cal. Civ. Code § 1942.5

All Plaintiffs Against Defendants Fortress Investment Group LLC., Parkmerced Investors Properties, LLC., Robert Rosania, Maximus, Constantine Dakalois, Rockpoint Group LLC, Parkmerced Employees, Seth Mallen, Bernard Pollaci, John Gavin, Kristine Bakr, Didi MacDonald, Bryce Boddie, Julie Anderson, Christina Zsolnay, Donna Stern, Law Offices of Wasserman & Stern, David Wasserman Esq, Daniel R Stern Esq, Stellar Management, Laurence Gluck, Paula Katz, Ryan Jackson, Matthew Lebo, San Francisco State University, individual, heirs, successors, assigns, principals, trustees, sureties, subroutines, representatives, agents, employees, corporate, partnership, associates, and insures of Defendants 1-50

1117.  Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

1118.  Plaintiff Gavin has a physical disability that substantially limits one or more major life activities.

1119.  Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is permanently disabled with multiple disabilities including but not limited to a mobility disability that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, use a wheelchair, walker, crutches, a cane, and a rollator.

1120.  On August 23, 2011 Plaintiff ("Gavin's") family Sunshine Complaint #11048 part 1 of 2 is heard by the SOTF.

1121.  On August 23, 2011 the Sunshine Ordinance Task Force hereinafter SOTF finds Defendant Supervisor ("Eric Mar") in violation of the Sunshine Ordinance.

1122.  On August 23, 2011 the Sunshine decision is historic in that it is the first time a current Supervisor is found in violation of the San Francisco Sunshine Ordinance.

1123.   On August 23, 2011 the SOTF finding renders Defendants ("Parkmerced Investors Properties, LLC.,") "null" and "void."

1124.   On August 24, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") place a Three (3) Notice on Plaintiffs front door knob for usurious utility fees (water, sewer and garbage) in the amount of $1,1586.72 violates California state law for subsidized tenants.

1125.   On August 24, 2011 Defendants notice does not comply with HUD Termination Requirements under 24 C.F.R. § 982.453 Owner Breach of Contract: (a) Any of the following actions by the owner (including a principal or other interested party) is a breach of the HAP contract by the owner.

- (1) If the owner has violated any obligation under the HAP contract for the dwelling unit, including the owner's obligation to maintain the unit in accordance with the HQS

- (2) If the owner has violated any obligation under any other HAP contract under Section 8 of the 1937 Act (42 U.S.C. 1437f)

- (3) If the owner has committed fraud, bribery or any other corrupt or criminal act in connection with any federal housing program.

1126.   On August 24, 2011 Defendants ("Parkmerced Investors Properties LLC,") notice is unsigned.   See Ex 5

1127.   On August 24, 2011 Plaintiff ("Gavin's") family alleges Defendants ("Parkmerced Investors Properties, LLC.,") actions are retaliatory in violation of Plaintiffs ("Gavin's") rights under Cal. Civ. Code § 1942.5 that state: "(a) If the lessor retaliates against the lessee because of the exercise by the lessee of the lessee's rights under this chapter or because of the lessee's complaint to an appropriate agency as to tenantability of a dwelling, and if the lessee of a dwelling is not in default as to the payment of rent, the lessor may not recover possession of a

dwelling in any action or proceeding, cause the lessee to quit involuntarily, increase the rent, or decrease any services within 180 days..."

1128.   Defendants ("Parkmerced Investors Properites, LLC.,") issues the first Three (3) Day Notice because of the Sunshine Complaint #11048.

1129.   On September 19, 2011 Defendants ("Parkmerced Investors Properites, LLC.,") return Plaintiff ("Gavin's") family rent and installment payment for usurious utility fees.  See Ex 8

1130.   On September 19, 2001 Defendants ("Parkmerced Investors Properties, LLC.,") place a a second Three (3) Notice on Plaintiffs front door knob for usurious utility fees (water, sewer and garbage) in the amount of $1,110.92 violates California state law for subsidized tenants.

1131.   On September 19, 2011 Defendants notice does not comply with HUD Termination Requirements under  24 C.F.R. § 982.453 Owner Breach of Contract: (a) Any of the following actions by the owner (including a principal or other interested party) is a breach of the HAP contract by the owner.

1132.   (1) If the owner has violated any obligation under the HAP contract for the dwelling unit, including the owner's obligation to maintain the unit in accordance with the HQS

1133.   (2) If the owner has violated any obligation under any other HAP contract under Section 8 of the 1937 Act (42 U.S.C. 1437f)

1134.   (3) If the owner has committed fraud, bribery or any other corrupt or criminal act in connection with any federal housing program.

1135.   On September 19, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") place a second notice on Plaintiff ("Gavin's") family front door knob one week before Plaintiff ("Gavin's") family second Sunshine Complaint #11048 hearing part 2 of 2.

1136.   On September 19, 2011 Plaintiff ("Gavin's") family allege Defendants "Parkmerced Investors Properties, LLC.,") actions are retaliatory in violation of Plaintiffs ("Gavin's") rights under Cal. Civ. Code § 1942.5.

1137.   On September 30, 2011 Defendants file an unlawful detainer against Plaintiff ("Gavin's") family in San Francisco Superior Court.

1138.   On September 30, 2011 Plaintiff ("Gavin's") family allege Defendants "Parkmerced Investors Properties, LLC.,") actions are retaliatory in violation of Plaintiffs ("Gavin's") rights under Cal. Civ. Code § 1942.5 that state: "(a) If the lessor retaliates against the lessee because of the exercise by the lessee of the lessee's rights under this chapter or because of the lessee's complaint to an appropriate agency as to tenantability of a dwelling, and if the lessee of a dwelling in any action or proceeding, cause the lessee to quit involuntarily, increase the rent, or decrease any services within 180 days..."

1139.   Defendants collective actions are injurious to Plaintiff ("Gavin"), Plaintiff's family and therapeutic animal will be proven at trial.

///

///

///

///

///

///

///

///

///

///

FORTY-SIXTH CAUSE OF ACTION

Demolition Cal. Civ. Code § 1940.6

All Plaintiffs Against Defendants Fortress Investment Group LLC., Parkmerced Investors Properties, LLC., Robert Rosania, Maximus, Constantine Dakalois, Rockpoint Group LLC, Parkmerced Employees, Seth Mallen, Bernard Pollaci, John Gavin, Kristine Bakr, Didi MacDonald, Bryce Boddie, Julie Anderson, Christina Zsolnay, Donna Stern, Law Offices of Wasserman & Stern, David Wasserman Esq, Daniel R Stern Esq, Stellar Management, Laurence Gluck, Paula Katz, Ryan Jackson, Matthew Lebo, San Francisco State University, individual, heirs, successors, assigns, principals, trustees, sureties, subroutines, representatives, agents, employees, corporate, partnership, associates, and insures of Defendants 1-50

1140.   Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

1141.   Plaintiff Gavin has a physical disability that substantially limits one or more major life activities.

1142.   Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is permanently disabled with multiple disabilities including but not limited to a mobility disability that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, use a wheelchair, walker, crutches, a cane, and a rollator.

1143.   On February 26, 2010 Plaintiff ("Gavin") is shown two vacant townhome apartments by Defendant's ("Parkmerced Investors Properties LLC") leasing agent an employee.

1144.   Defendant's ("Parkmerced Investors Properties LLC") employee and Plaintiff ("Gavin") and Plaintiff ("Gavin") and Defendant's employee have a good conversation about dating in San Francisco.

1145.   Defendant's ("Parkmerced Investors Properties LLC") employee does not disclose the townhome apartment Plaintiff ("Gavin's") is going to rent could be demolished.

1146.  Defendant's ("Parkmerced Investors Properties LLC") employee did not disclose that there was any plans to demolish the 1, 538 townhome apartments.

1147.  Defendant's ("Parkmerced Investors Properties LLC") said that they could go to the office and they would do a credit check and it everything was okay the lease could be signed.

1148.  On February 26, 2011 Plaintiff ("Gavin") signs the lease to move into Parkmerced.

1149.  It is not disclosed on Defendant's ("Parkmerced Investors Properties LLC") they have submitted a redevelopment application to SF Planning for Parkmerced.

1150.  Plaintff ("Gavin's") family is not aware that Defendant's ("Parkmerced Investors Properties LLC") wants to demolish all of the townhome apartments until late Spring 2011.

1151.  State law under Cal. Civ. Code § 1940.6 "demolition" requires property owners to disclose to future tenants there a demolition plans prior to renting a unit.

1152.  Plaintiffs allege Defendants non-disclosure of plans to demolish the townhomes apartments violates Plaintiff rights under Cal. Civ. Code § 1940.6 in the non-disclosure of plans to demolish Plaintiff's family home.

///

///

///

///

///

///

///

///

///

FORTY-SEVENTH CAUSE OF ACTION

San Francisco Administrative Code Chapter 67 Sunshine Ordinance

1153.   All Plaintiffs Against Defendants San Francisco Public Utilities Commission, City and County San Francisco, Office of the Mayor, San Francisco Board of Supervisors also known as; San Francisco County Transportation Authority Commissioners: John Avalos, Malia Cohen, Carmen Chu, David Campos Esq, David Chiu Esq, Mark Farrell Esq, Jane Kim Esq, Eric Mar, Ross Markarimi, Sean Elsbernd Esq, Scott Wiener Esq, Katy Tang, Norman Yee, Office of Economic Workforce Development, Michael Yarne Esq, Office of the City Attorney, Dennis Herrera Esq, Charles R. Sullivan Esq, Cheryl S. Adams Esq, Office of the District Attorney, George Gascón esq, SF Planning Executive Director John Rahaim, and Does 1-100

1154.   Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

1155.   Plaintiff Gavin has a physical disability that substantially limits one or more major life activities.

1156.   Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is permanently disabled with multiple disabilities including but not limited to a mobility disability that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, use a wheelchair, walker, crutches, a cane, and a rollator.

1157.   The Sunshine Ordinance "supersedes" all local ordinances in the City and County of San Francisco.: "The San Francisco Sunshine Ordinance section 67.36 states "Sunshine Ordinance Supersedes other local laws. The provisions of this Sunshine Ordinance supersede other local laws. Whenever a conflict in local law is identified, the requirement which would result in greater or more expedited public access to public information shall apply."

1158.   The Sunshine Ordinances requires all elected officials to take training on the ordinance once every two years.

1159.   Upon completion of the Sunshine training elected officials are required to sign an affidavit that states they will comply with the ordinance and uphold the laws of the U.S. and State Constitutions and local laws.

1160.   All elected officials in the City and County of San Francisco are required to take ethics training once every two years.

1161.   Upon completion of the Ethics training elected officials are required to sign an affidavit that states they will comply with the ordinance and uphold the laws of the U.S. and State Constitutions and local laws.   See Ex 11

1162.   The Sunshine Ordinances requires all Department Heads of city agencies to take training on the ordinance once every two years.

1163.   Upon completion of the Sunshine training department heads are required to sign an affidavit that states they will comply with the ordinance and uphold the laws of the U.S. and State Constitutions and local laws.

All department heads in the City and County of San Francisco are required to take ethics training once every two years.

1164.   On May 24, 2011 on the passage of the Parkmerced Redevelopment Agreement Defendants collective actions are injurious to Plaintiff ("Gavin"), Plaintiff's family and therapeutic animal will be proven at trial.

///

///

///

FORTY-EIGHTH CAUSE OF ACTION

Deprivation of Rights Under Business Professions Code § 6067 et seq

Attorney's Oath of Office

All Plaintiffs Against Defendants Fortress Investment Group LLC., Parkmerced Investors Properties, LLC., landlord attorneys Wasserman & Stern Law Offices, LLP, David Wasserman Esq, Daniel R. Stern,  individual, heirs, successors, assigns, principals, trustees, sureties, subroutines, representatives, agents, employees, corporate, partnership, associates, and insures of Defendants 1-50

1165.    Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

1166.    Plaintiff Gavin has a physical disability that substantially limits one or more major life activities.

1167.    Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is permanently disabled with multiple disabilities including but not limited to a  mobility disability that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, use a wheelchair, walker, crutches, a cane, and a rollator.

1168.    On August 24, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") landlord attorneys Defendants ("David Wasserman, Esq") and ("Daniel Stern, Esq.,") have a Three (3) Day Notice placed on Plaintiff ("Gavin's") family door for usurious utility fees in the amount of $1,586.72.

1169.    This notice does not comply with HUD Termination Notice Requirements under 24 C.F.R. § 247.4 (a-f):  24 C.F.R. § 247 (a) Requisites of Termination Notice. The landlord's determination to terminate the tenancy shall be in writing and shall:

- (1) State that the tenancy is terminated on a date specified therein;

- (2) state the reasons for the landlord's action with enough specificity so as to enable the tenant to prepare a defense;

- (3) advise the tenant that if he or she remains in the leased unit on the date specified for termination, the landlord may seek to enforce the termination only by bringing a judicial action, at which time the tenant may present a defense;

1170.   On September 19, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") landlord attorneys Defendants ("David Wasserman, Esq") and ("Daniel Stern, Esq.,") return Plaintiffs rent and first installment payment on the usurious utility fees.

1171.   On September 19, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") landlord attorneys Defendants ("David Wasserman, Esq") and ("Daniel Stern, Esq.,") place a second Three (3) Day Notice on Plaintiff ("Gavin's") front door knob for usurious utilit fees int the amount of $1,110.92.

1172.   This notice does not comply with HUD Termination Notice Requirements under 24 C.F.R. § 247.4 (a-f):  (a) Requisites of Termination Notice. The landlord's determination to terminate the tenancy shall be in writing and shall:

- (1) State that the tenancy is terminated on a date specified therein;

- (2) state the reasons for the landlord's action with enough specificity so as to enable the tenant to prepare a defense;

- (3) advise the tenant that if he or she remains in the leased unit on the date specified for termination, the landlord may seek to enforce the termination only by bringing a judicial action, at which time the tenant may present a defense.

1173.    On September 30, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") landlord attorneys Defendants ("David Wasserman, Esq") and ("Daniel Stern, Esq.,") file an unlawful detainer in San Francisco Superior Court.

1174.    On September 30, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") landlord attorneys Defendants ("David Wasserman, Esq") and ("Daniel Stern, Esq.,") do not disclose Defendant's client signs a HAP contract with San Francisco Housing Authority to comply with federal laws. federal regulations and federal housing notice with San Francisco Housing Authority.

1175.    On September 30, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") landlord attorneys Defendants ("David Wasserman, Esq") and ("Daniel Stern, Esq.,") do not disclose Defendant's client signs a HAP contract addendum with Plaintiff ("Gavin") to comply with federal laws. federal regulations and federal housing notice for subsidized tenants.

1176.    Defendants ("Parkmerced Investors Properties, LLC.,") landlord attorneys Defendants ("David Wasserman, Esq") and ("Daniel Stern, Esq.,") do not disclose at anytime during the eviction process that Plaintiff ("Gavin's") family have a subsidized federal Housing Choice Voucher.

1177.    The HAP contract has written procedural protections for clients who may face eviction procedures.

1178.    Plaintiff ("Gavin's") family allege Defendants ("David Wasserman, Esq") and ("Daniel Stern, Esq.,") non-disclosure of Plaintiffs subsidized Housing Choice Voucher violates Bus. Prof. Code § 6067 that states: "Every person on his admission shall take an oath to support the Constitution of the United States and the Constitution of the State of California, and faithfully to

discharge the duties of any attorney at law to the best of his knowledge and ability. A certificate of the oath shall be endorsed upon his license."

1179.    Defendants collective actions are injurious to **Plaintiff** ("Gavin"), Plaintiff's family and therapeutic animal will be proven at trial.

FORTY-NINTH CAUSE OF ACTION

Deprivation of Rights Under Business Professions Code § 6068 et seq

Constitutional Officers of the Court

All Plaintiffs Against Defendants Fortress Investment Group LLC., Parkmerced Investors Properties, LLC.,  landlord attorneys Law Offices of Wasserman & Stern, David Wasserman Esq, Daniel R. Stern Esq, Stellar Management, Paula Katz, Esq  individual, heirs, successors, assigns, principals, trustees, sureties, subroutines, representatives, agents, employees, corporate, partnership, associates, and insures of Defendants 1-50

1180.    Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

1181.    Plaintiff Gavin has a physical disability that substantially limits one or more major life activities.

1182.    Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is permanently disabled with multiple disabilities including but not limited to a  mobility disability that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, use a wheelchair, walker, crutches, a cane, and a rollator.

1183.    On August 24, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") landlord attorneys Defendants ("David Wasserman, Esq") and ("Daniel Stern, Esq.,") have a Three (3) Day Notice placed on Plaintiff ("Gavin's") family door for usurious utility fees in the amount of $1,586.72.

1184.    This notice does not comply with HUD Termination Notice Requirements under 24 C.F.R. § 247.4 (a-f): 24 C.F.R. § 247.4 (a) Requisites of Termination Notice. The landlord's determination to terminate the tenancy shall be in writing and shall:

1185.    (1) State that the tenancy is terminated on a date specified therein;

1186.    (2) state the reasons for the landlord's action with enough specificity so as to enable the tenant to prepare a defense;

1187.    (3) advise the tenant that if he or she remains in the leased unit on the date specified for termination, the landlord may seek to enforce the termination only by bringing a judicial action, at which time the tenant may present a defense;

1188.    On September 19, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") landlord attorneys Defendants ("David Wasserman, Esq") and ("Daniel Stern, Esq.,") return Plaintiffs rent and first installment payment on the usurious utility fees.

1189.    On September 19, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") landlord attorneys Defendants ("David Wasserman, Esq") and ("Daniel Stern, Esq.,") place a second Three (3) Day Notice on Plaintiff ("Gavin's") front door knob for usurious utilit fees int the amount of $1,110.92.

1190.    This notice does not comply with HUD Termination Notice Requirements under 24 C.F.R. § 247.4 (a-f): (a) Requisites of Termination Notice. The landlord's determination to terminate the tenancy shall be in writing and shall:

1191.    (1) State that the tenancy is terminated on a date specified therein;

1192.    (2) state the reasons for the landlord's action with enough specificity so as to enable the tenant to prepare a defense;

1193.  (3) advise the tenant that if he or she remains in the leased unit on the date specified for termination, the landlord may seek to enforce the termination only by bringing a judicial action, at which time the tenant may present a defense.

1194.  On September 30, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") landlord attorneys Defendants ("David Wasserman, Esq") and ("Daniel Stern, Esq.,") file an unlawful detainer in San Francisco Superior Court.

1195.  On September 30, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") landlord attorneys Defendants ("David Wasserman, Esq") and ("Daniel Stern, Esq.,") do not disclose Defendant's client signs a HAP contract with San Francisco Housing Authority to comply with federal laws. federal regulations and federal housing notice with San Francisco Housing Authority.

1196.  On September 30, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") landlord attorneys Defendants ("David Wasserman, Esq") and ("Daniel Stern, Esq.,") do not disclose Defendant's client signs a HAP contract addendum with Plaintiff ("Gavin") to comply with federal laws. federal regulations and federal housing notice for subsidized tenants.

1197.  Defendants ("Parkmerced Investors Properties, LLC.,") landlord attorneys Defendants ("David Wasserman, Esq") and ("Daniel Stern, Esq.,") do not disclose at anytime during the eviction process that Plaintiff ("Gavin's") family have a subsidized federal Housing Choice Voucher.

1198.  The HAP contract has written procedural protections for clients who may face eviction procedures.

///

///

1199.   On September 30, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") landlord attorneys Defendants ("David Wasserman, Esq") and ("Daniel Stern, Esq.,") file an unlawful detainer in San Francisco Superior Court.

1200.   On September 30, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") landlord attorneys Defendants ("David Wasserman, Esq") and ("Daniel Stern, Esq.,") do not disclose Defendant's client signs a HAP contract with San Francisco Housing Authority to comply with federal laws. federal regulations and federal housing notice with San Francisco Housing Authority.

1201.   On September 30, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") landlord attorneys Defendants ("David Wasserman, Esq") and ("Daniel Stern, Esq.,") do not disclose Defendant's client signs a HAP contract addendum with Plaintiff ("Gavin") to comply with federal laws. federal regulations and federal housing notice for subsidized tenants.

1202.   Defendants ("Parkmerced Investors Properties, LLC.,") landlord attorneys Defendants ("David Wasserman, Esq") and ("Daniel Stern, Esq.,") do not disclose at anytime during the eviction process that Plaintiff ("Gavin's") family have a subsidized federal Housing Choice Voucher.

1203.   The HAP contract has written procedural protections for clients who may face eviction procedures.

1204.   Plaintiff ("Gavin's") family allege Defendants ("David Wasserman, Esq") and ("Daniel Stern, Esq.,"):

- (a) non-disclosure of Plaintiffs subsidized Housing Choice Voucher violates Bus. Prof. Code § 6068 that states: t is the duty of an attorney to do all of the following:(a) "To support the Constitution and laws of the United States and of this state.

• (b) To maintain the respect due to the courts of justice and judicial officers.

1205.   Defendants collective actions are injurious to Plaintiff ("Gavin"), Plaintiff's family and therapeutic animal will be proven at trial.

## FIFTIETH CAUSE OF ACTION

### Color of Law: Perjury

All Plaintiffs Against Defendants San Francisco Public Utilities Commission, Ed Harrington, Harlan Kelly, Office of the Mayor Gavin Newsom, Mayor London Breed, San Francisco Board of Supervisors also known as San Francisco County Transportation Authority Commissioners: John Avalos, Malia Cohen, Carmen Chu, David Campos Esq, David Chiu Esq, Mark Farrell Esq, Jane Kim, Eric Mar, Ross Markarimi, Sean Elsbernd, Scott Wiener," Katy Tang, Norman Yee, Michael Yarne Esq, Dennis Herrera Esq, District Attorney, George Gascón Esq, California Attorney General Kamala Harris Esq, SF Planning Department Executive Director, John Rahaim, SFMTA Executive Director Tom Dolan and insurers of Defendants 1-50

1206.   Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

1207.   Plaintiff Gavin has a physical disability that substantially limits one or more major life activities.

1208.   Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is permanently disabled with multiple disabilities including but not limited to a  mobility disability that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, use a wheelchair, walker, crutches, a cane, and a rollator.

1209.   Defendants who are elected officials to office each have sworn an oath of office to defend the United States Constitution and California Constitution  against all enemies domestic and foreign.

1210.    Defendants who are elected to office must take training on the San Francisco Sunshine Ordinance training once every two years.

1211.    Defendants are required to sign an affidavit to uphold the Sunshine Ordinance upon completion of training.

1212.    Defendants who are elected to office must take training on the Ethics training once every two years.  See Ex 10 & 11

1213.    Defendants are required to sign an affidavit to uphold Ethics upon completion of training.

1214.    On May 24, 2011 Defendants collective actions in combination and collusion commit multiple predicate acts in violation of the San Francisco Sunshine Ordinance in the approval of Defendants ("Parkmerced Investors Properties LLC") Redevelopment Agreement.

1215.    On May 28, 2012 Defendants collective actions in combination and collusion commit multiple predicate acts in violation of the San Francisco Sunshine Ordinance in the shutdown of the Sunshine Ordinance Task Force.

1216.    On May 28, 2012 Defendants collective actions in combination and collusion shutdown of the Sunshine Ordinance Task Force is a violation of the most important ordinance in the City and County of San Francisco.

1217.    Sunshine Ordinance Supersede other Local Laws Section 67.36:

- The San Francisco Sunshine Ordinance section 67.36 states "Sunshine Ordinance Supersedes other local laws.  The provisions of this Sunshine Ordinance supersede other local laws. Whenever a conflict in local law is identified, the requirement which would result in greater or more expedited public access to public information shall apply.

1218.    Plaintiffs allege Defendants elected to office collection actions in combination and collusion commit multiple predicates acts in the approval of Defendants ("Parkmerced Investors Properties LLC") Redevelopment Agreement violate the Sunshine affidavit signed.

1219.   Sunshine Ordinance Section 67.34 states: "The willful failure of any elected official, department head, or other managerial city employee to discharge any duties imposed by the Sunshine Ordinance, the Brown Act or the Public Records Act shall be deemed official misconduct. Complaints involving allegations of willful violations of this ordinance..."

1220.   Defendants who are department heads each have sworn an oath of office to defend the United States Constitution and California Constitution against all enemies domestic and foreign.

1221.   Defendants who are department heads must take training on the San Francisco Sunshine Ordinance training once every two years.

1222.   Defendants are required to sign an affidavit to uphold the Sunshine Ordinance upon completion of training.

1223.   Defendants shutdown of the Sunshine Task Force without enough replacements is a violation of San Francisco Sunshine Ordinance Section 67.30 that provides specific instructions on Sunshine Task Force members.

1224.   Defendants who are department heads must take training on the Ethics training once every two years.

1225.   Defendants are required to sign an affidavit to uphold Ethics upon completion of training.

1226.   Defendants collective actions violates the Ethics affidavit

1227.   Plaintiffs allege Defendants who are department heads collective actions in combination and collusion commit multiple predicates acts in the approval of Defendants ("Parkmerced Investors Properties LLC") Redevelopment Agreement violate the Ethics affidavit signed.

1228.   Defendants collective actions are injurious to Plaintiff ("Gavin"), Plaintiff's family and therapeutic animal will be proven at trial.

## FIFTY-FIRST CAUSE OF ACTION

Cal. Civ. Code §§ 1161.1 et seq., Improper Notice

All Plaintiffs Against Defendants Fortress Investment Group LLC., Parkmerced Investors Properties, LLC., Robert  Rosania, Maximus, Constantine Dakalois, Rockpoint Group LLC, Parkmerced Employees, Seth Mallen, Bernard Pollaci, John Gavin, Kristine Bakr, Didi MacDonald, Bryce Boddie, Julie Anderson, Christina Zsolnay, Donna Stern, Law Offices of Wasserman & Stern, David Wasserman Esq, Daniel R Stern Esq, Stellar Management, Laurence Gluck, Paula Katz, Ryan Jackson, Matthew Lebo, San Francisco State University,  individual, heirs, successors, assigns, principals, trustees, sureties, subroutines, representatives, agents, employees, corporate, partnership, associates, and insures of Defendants 1-50

1229.    Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

1230.    Plaintiff Gavin has a physical disability that substantially limits one or more major life activities.

1231.    Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is permanently disabled with multiple disabilities including but not limited to a  mobility disability that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, use a wheelchair, walker, crutches, a cane, and a rollator.

1232.    On August 24, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") place a Three (3) Notice on Plaintiffs front door knob for usurious utility fees (water, sewer and garbage) in the amount of $1,1586.72.

1233.   On September 19, 2001  Defendants ("Parkmerced Investors Properties, LLC.,") place a a second Three (3) Notice on Plaintiffs front door knob for usurious utility fees (water, sewer and garbage) in the amount of $1,110.92.

1234.   Defendants ("Parkmerced Investors Properties, LLC.,") landlord attorneys Defendants ("David Wasserman, Esq.,") and ("Daniel Stern, Esq.,") state in the unlawful detainer filed in San Francisco Superior Court that Defendants lost the lease thus, Defendants Three (3) Day Notices fail to show cause as to any amount Plaintiffs owe for utilities.

1235.   Plaintiffs allege Defendants("Parkmerced Investors Properties, LLC.,") notices with significant different amounts violates does not provide specific information to determine the amount Defendant ("Parkmerced Investors Properties LLC") allege to owe violates Plaintiffs rights under Cal. Civ. Code § 1161.1 et seq.

1236.   Defendants collective actions are injurious to Plaintiff ("Gavin"), Plaintiff's family and therapeutic animal will be proven at trial.

FIFTY-SECOND CAUSE OF ACTION

Cal. Civ. Code § 1162 (a) Improper Service

All Plaintiffs Against Defendants Fortress Investment Group LLC., Parkmerced Investors Properties, LLC., Robert  Rosania, Maximus, Constantine Dakalois, Rockpoint Group LLC, Parkmerced Employees, Seth Mallen, Bernard Pollaci, John Gavin, Kristine Bakr, Didi MacDonald, Bryce Boddie, Julie Anderson, Christina Zsolnay, Donna Stern, Law Offices of Wasserman & Stern, David Wasserman Esq, Daniel R Stern Esq, Stellar Management, Laurence Gluck, Paula Katz, Ryan Jackson, Matthew Lebo, San Francisco State University,  individual, heirs, successors, assigns, principals, trustees, sureties, subroutines, representatives, agents, employees, corporate, partnership, associates, and insures of Defendants 1-50

1237.   Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

1238.   Plaintiff Gavin has a physical disability that substantially limits one or more major life activities.

1239.   Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is permanently disabled with multiple disabilities including but not limited to a mobility disability that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, use a wheelchair, walker, crutches, a cane, and a rollator.

1240.   State what the contract requires.

1241.   On August 24, 2011 Defendants place the first Three (3) Day Notice on Plaintiff ("Gavin's") front door knob for usurious utility fees in the amount of $1,586.72.  See Ex 5

1242.   On August 24, 2011 Plaintiff is at home and Defendants do not knock on the door.

1243.   On August 24, 2011 Defendant's ("Parkmerced Investors Properties LLC") does not comply with the notice requirements under Cal. Civ. Code § 1162(a).

1244.   On August 24, 2011 Defendant's ("Parkmerced Investors Properties LLC") service of notice is defective under Cal. Civ. Code § 1162(a).

1245.   On September 19, 2011 a week before Plaintiff ("Gavin's") second Sunshine hearing in part 2 of 2 in case #11048 Defendants place a second Three (3) Day Notice on Plaintiff ("Gavin's") family door knob for usurious utility fees in the amount of $1,11072.  See Ex 8

1246.   On September 19, 2011 Plaintiffs are at home and Defendants do not knock on the door.

1247.   On September 19, 2011 Defendant's ("Parkmerced Investors Properties LLC") does not comply with the notice requirements under Cal. Civ. Code § 1162(a).

1248.   On September 19, 2011 Defendant's ("Parkmerced Investors Properties LLC") service of notice is defective under Cal. Civ. Code § 1162(a).

1249.   Plaintiffs allege Defendants' notices are defective and improperly served in violation of Plaintiffs rights under Civil Code of Procedure § 1162., as follows;"An unlawful detainer action is not based upon contract ...; it is a statutory proceeding and is governed solely by the provisions of the statute creating it." Lamey v. Masciotra (1969) 273 Cal. App. 2d 709, 713 [78 Cal. Rptr. 344], states that "Under California statutory law a tenant is entitled to a three-day notice to pay rent or quit which may be enforced by summary legal proceedings (Code Civ. Proc., § 1161) but this notice is valid and enforceable only if the lessor strictly complies with the specifically described notice conditions. (Code Civ. Proc., § 1162.)" (See also De La Vara v. Municipal Court (1979) 98 Cal. App. 3d 638, 640 [159 Cal. Rptr. 648]; Four Seas Inv. Corp. v. Internat'l Hotel Tenants' Assn. (1978) 81 Cal. App. 3d 604, 611 [146 Cal. Rptr. 531]; Chinese Hosp. Foundation Fund v. Patterson (1969) 1 Cal. App. 3d 627, 632 [81 Cal. Rptr. 795]; University of So. Cal. v. Weiss (1962) 208 Cal. App. 2d 759, 764-765 [25 Cal. Rptr. 475].) See also Kwok v. Bergen [130 Cal. App. 3d 597].

1250.   Code of Civil Procedure section 1162 provides three methods of serving notices terminating a tenancy: (1) by personal delivery to the tenant, or (2) by substituted service when the tenant is absent from his place of residence and from his usual place of business by leaving a copy with some person of suitable age and discretion at either place and sending a copy by mail addressed to the tenant's residence address, or (3) by substituted service by posting and mailing when the tenant's residence and business addresses cannot be ascertained. Prior to April 1, 1979, respondent recognized appellants as "tenants in possession." The evidence in connection with the service of the notice terminating tenancy herein shows that none of the alternatives set forth in section 1162 was followed. The server did not attempt to, nor did he, properly serve either of the appellants with notice to pay rent or quit the premises. Therefore, there was no evidence before

the trial court to support its finding that appellants were properly served with the three-day notice to pay rent or quit.

1251.   Defendants collective actions are injurious to Plaintiff ("Gavin"), Plaintiff's family and therapeutic animal will be proven at trial.

FIFTY-THIRD CAUSE OF ACTION

Ninety Day Notice Requirement For Tenants With Government Contracts

Cal. Civ. Code § 1954.535

All Plaintiffs Against Defendants Fortress Investment Group LLC., Parkmerced Investors Properties, LLC., Robert Rosania, Maximus, Constantine Dakalois, Rockpoint Group LLC, Parkmerced Employees, Seth Mallen, Bernard Pollaci, John Gavin, Kristine Bakr, Didi MacDonald, Bryce Boddie, Julie Anderson, Christina Zsolnay, Donna Stern, Law Offices of Wasserman & Stern, David Wasserman Esq, Daniel R Stern Esq, Stellar Management, Laurence Gluck, Paula Katz, Ryan Jackson, Matthew Lebo, San Francisco State University, individual, heirs, successors, assigns, principals, trustees, sureties, subroutines, representatives, agents, employees, corporate, partnership, associates, and insures of Defendants 1-50

1252.   Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

1253.   Plaintiff Gavin has a physical disability that substantially limits one or more major life activities.

1254.   Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is permanently disabled with multiple disabilities including but not limited to a mobility disability

that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, use a wheelchair, walker, crutches, a cane, and a rollator.

1255.  The State of California law termination notices for residents with a subsidized housing contract are to be given a 90 Day Notice states the following:

- Cal. Civ Code § 1954.535 Where an owner terminates or fails to renew a contract or recorded agreement with a governmental agency that provides for rent limitations to a qualified tenant, the tenant or tenants who were the beneficiaries of the contract or recorded agreement shall be given at least 90 days' written notice of the effective date of the termination and shall not be obligated to pay more than the tenant's portion of the rent, as calculated under the contract or recorded agreement to be terminated, for 90 days following receipt of the notice of termination of nonrenewal of the contract.

1256.  On August 24, 2011 Defendant's ("Parkmerced Investors Properties LLC") Three (3) Day Notice is unsigned.

1257.   On August 24, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") place a Three (3) Notice on Plaintiffs front door knob for usurious utility fees (water, sewer and garbage) in the amount of $1,1586.72 violates California state law for subsidized tenants.

1258.  On August 24, 2011 Defendants notice does not comply with the state law Cal. Civ. Code §1954.535 et seq.

1259.  On August 24, 2011 Defendant's ("Parkmerced's Investors Properties LLC., ) notice is defective under Cal. Civ. Code § 1954.535 et seq.

1260.  On September 19, 2011 Defendants ("Parkmerced Investors Properties, LLC.,") landlord attorneys Defendants ("David Wasserman, Esq.,") and ("Daniel Stern, Esq.,") second Three (3) Day Notice is $1,110.92 for (water, sewer and garbage) is signed.

1261.  On September 19, 2011 Defendants notice does not comply with the state law Cal. Civ.
Code §1954.535 et seq.

1262.  On September 19, 2011 Defendant's ("Parkmerced's Investors Properties LLC., ) notice is
defective under Cal. Civ. Code § 1954.535 et seq.

1263.  Defendants collective actions are injurious to Plaintiff ("Gavin"), Plaintiff's family and
therapeutic animal will be proven at trial.

## FIFTY-FOURTH CAUSE OF ACTION

### Abuse of Official Capacity

All Plaintiffs Against Defendants San Francisco Public Utilities Commission, Harlan Kelly, City
and County San Francisco, Office of the Mayor, San Francisco Board of Supervisors and San
Francisco County Transportation Authority Commissioners: John Avalos, Malia Cohen, Carmen
Chu, David Campos Esq, David Chiu,Esq, Mark Farrell, Esq, Jane Kim,Esq, Eric Mar, Ross
Markarimi, Sean Elsbernd Esq, Scott Wiener Esq, Esq., Katy Tang, Norman Yee, Office of
Economic Workforce Development, Michael Yarne Esq, Office of the City Attorney, Dennis
Herrera Esq., Charles R. Sullivan, Esq, Cheryl S. Adams Esq, Yvonne Meré Esq, District
Attorney, George Gascón, Esq, Office of California Attorney General, Attorney General Kamala
Harris, Esq., and insurers of Defendants 1-50

1264.  Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

1265.  Plaintiff Gavin has a physical disability that substantially limits one or more major life
activities.

1266.  Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is
permanently disabled with multiple disabilities including but not limited to a  mobility disability

that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, use a wheelchair, walker, crutches, a cane, and a rollator.

1267.   In combination and collusion with multiple predicate acts that includes passage of Defendant's ("Parkmerced Investors Properties LLC") Defendants who are elected officials in the City and County of San Francisco continue to abuse powers in their official capacities.

1268.   The Sunshine Ordinance Task Force (hereinafter SOTF) members hears Plaintiff ("Gavin's") complaint #11048 in part 1 of part 2 hearings.

1269.   The SOTF determines that in Plaintiff's Sunshine complaint #11048 violations of San Francisco Sunshine Ordinance occurs.

1270.   On August 23, 2011 Plaintiff ("Gavin's") family Sunshine Complaint #11048 hearing in part 1 of 2 the Sunshine Ordinance Task Force ("SOTF") finds Defendant Supervisor ("Eric Mar") in violation of the Sunshine Ordinance for the following: The Task Force finds that Supervisor Eric Mar violated Sunshine Ordinance Section 67.7(b) for not providing the public with copies of the amendments to the Development Agreement, which were provided to the policy body in connection with an agenda item; and Section 67.15(a) and (b) for failing to adequately notice the substance of the relevant agenda item based on the last minute and substantive change to the item created by the introduction of the 14 pages of amendments. The Task Force continues this complaint to the September 27, 2011 Task Force meeting and names Board President David Chiu and Land Use Committee members Supervisor Scott Wiener and Supervisor Malia Cohen as respondents to the original complaint.

1271.   This is a historic decision in that it is the first time a current Supervisor is found in violation of the Sunshine Ordinance.

1272.   On September 27, 2011 Plaintiff ("Gavin'") family Sunshine Complaint #11048 hearing part 2 of 2 the SOTF finds Defendants Supervisors ("Malia Cohen"), (Scott Wiener, Esq.,") and ("David Chiu,Esq.,) in violation of the Sunshine Ordinance for the following: he Task Force found that President David Chiu, Supervisor Scott Wiener, and Supervisor Malia Cohen violated Sunshine Ordinance Section 67.7(b) for not providing the public with copies of the amendments to the Development Agreement which were provided to the policy body in connection with an agenda item, and Sections 67.15(a) and (b) for failing to adequately notice the substance of the relevant agenda item based on the last minute and substantive change to the item created by the introduction of the 14 pages of amendments. The two Orders of Determination in this complaint are to be referred to the Ethics Commission and the District Attorney for willful failure and official misconduct.

1273.   This is a historic decision in that it is the first time four current Supervisors is found in violation of the Sunshine Ordinance.

1274.   The ("SOTF") decisions will reverberate throughout City Hall.

1275.   On January 03, 2012, Plaintiff ("Gavin'") family Sunshine Complaint #11068 hearing finds Defendants San Francisco Planning Department employees are found in violation of the Sunshine Ordinance for the following. "The Task Force finds the Planning Department in violation of Sunshine Ordinance Sections 67.21(a) for failure to provide Anonymous with copies of all Parkmerced project documents as requested on June 2, 2011 and June 23, 2011 without unreasonable delay; 67.21(b) for failure to provide Anonymous with copies of all Parkmerced project documents as soon as possible and within 10 days of the June 2, 2011 and June 23, 2011 requests; and 67.25(d) for failure to provide Anonymous with copies of all Parkmerced project documents on a rolling basis. The Planning Department shall coordinate with Anonymous to

release all of the Parkmerced project records as requested in a mutually acceptable format within 5 business days of the issuance of this Order and appear before the Compliance and Amendments Committee on May 15, 2012 at 4:00pm in Room 408 of City Hall. The Committee shall monitor compliance with this Order.

1276.   On January 24, 2011 Plaintiff ("Gavin'") family Sunshine Complaint #11066, #11080 hearing part 2 of 2 the SOTF finds Defendants ("Charles R. Sullivan, Esq.,") and ("Cheryl S. Adams, Esq.,") in violation of the Sunshine Ordinance for the following: . No. 11066, Anonymous v. Deputy City Attorney Charles Sullivan No. 11080, Anonymous v. Deputy City Attorney Charles Sullivan . The Task Force reminds the City Attorney's Office and the deputy city attorneys of their obligation to appear at hearings before the Task Force. Members of the public expect and deserve due process under the Sunshine Ordinance, and expect all City Attorneys to act to protect and promote the public's rights under state and local public records and public meetings laws. Task Force members appreciate your future cooperation in sending a knowledgeable representative to provide adequate information to make determinations on complaints.

1277.  On May 28, 2012 Defendants San Francisco Board of Supervisors hereinafter ("SFBOS") during the full BOS meeting vote to remove all of the current San Francisco Ordinance Task Force members without enough people to replace current members.

1278.  On May 28, 2012 Defendants ("SFBOS") shut down the SOTF.

1279.  On May 28, 2012 Defendants ("SFBOS") decision is historic and the SOTF is shut down for six consecutive months.

1280.  On May 28, 2012 Defendant Supervisor ("Mark Farrell, Esq.,") states "its time for the Sunshine Ordinance Task Force to get some new blood.

1281.  In over a decade 1,200 Three (3) Day Notices have been issued to residents of Parkmerced.

1282.  Defendants collective actions are injurious to Plaintiff ("Gavin"), Plaintiff's family and therapeutic animal will be proven at trial.

FIFTY-FIFTH CAUSE OF ACTION

Dishonest Services

All Plaintiffs Against Defendants San Francisco Public Utilities Commission, Harlan Kelly, City and County San Francisco, Office of the Mayor Gavin Newsom, Mayor London Breed, San Francisco Board of Supervisors and San Francisco County Transportation Authority Commissioners: John Avalos, Malia Cohen, Carmen Chu, David Campos Esq, David Chiu Esq, Mark Farrell Esq, Jane Kim Esq, Eric Mar, Ross Mirkarimi, Sean Elsbernd Esq, Scott Wiener Esq, Ahsha Safai, Katy Tang, Norman Yee, Office of Economic Workforce Development, Michael Yarne, Esq., Office of the City Attorney, Dennis Herrera, Esq., Charles R. Sullivan, Esq., Cheryl S. Adams, Esq., Yvonne Meré, Esq., District Attorney, George Gascón, Esq.,  Attorney General Kamala Harris, Esq.,

1283.  Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

1284.  Plaintiff Gavin has a physical disability that substantially limits one or more major life activities.

1285.  Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is permanently disabled with multiple disabilities including but not limited to a  mobility disability that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, use a wheelchair, walker, crutches, a cane, and a rollator.

1286.   In combination and collusion with multiple predicate acts that includes passage of Defendant's ("Parkmerced Investors Properties LLC") Defendants who are elected officials in the City and County of San Francisco continue to abuse powers in their official capacities.

1287.   The Sunshine Ordinance Task Force (hereinafter SOTF) members hears Plaintiff ("Gavin's") complaint #11048 in part 1 of part 2 hearings.

1288.   The SOTF determines that in Plaintiff's Sunshine complaint #11048 violations of San Francisco Sunshine Ordinance occurs.

1289.   On August 23, 2011 Plaintiff ("Gavin's") family Sunshine Complaint #11048 hearing in part 1 of 2 the Sunshine Ordinance Task Force ("SOTF") finds Defendant Supervisor ("Eric Mar") in violation of the Sunshine Ordinance for the following: The Task Force finds that Supervisor Eric Mar violated Sunshine Ordinance Section 67.7(b) for not providing the public with copies of the amendments to the Development Agreement, which were provided to the policy body in connection with an agenda item; and Section 67.15(a) and (b) for failing to adequately notice the substance of the relevant agenda item based on the last minute and substantive change to the item created by the introduction of the 14 pages of amendments. The Task Force continues this complaint to the September 27, 2011 Task Force meeting and names Board President David Chiu and Land Use Committee members Supervisor Scott Wiener and Supervisor Malia Cohen as respondents to the original complaint.

1290.   This is a historic decision in that it is the first time a current Supervisor is found in violation of the Sunshine Ordinance.

1291.   On September 27, 2011 Plaintiff ("Gavin'") family Sunshine Complaint #11048 hearing part 2 of 2 the SOTF finds Defendants Supervisors ("Malia Cohen"), (Scott Wiener, Esq.,") and ("David Chiu,Esq.,) in violation of the Sunshine Ordinance for the following: he Task Force

found that President David Chiu, Supervisor Scott Wiener, and Supervisor Malia Cohen violated Sunshine Ordinance Section 67.7(b) for not providing the public with copies of the amendments to the Development Agreement which were provided to the policy body in connection with an agenda item, and Sections 67.15(a) and (b) for failing to adequately notice the substance of the relevant agenda item based on the last minute and substantive change to the item created by the introduction of the 14 pages of amendments. The two Orders of Determination in this complaint are to be referred to the Ethics Commission and the District Attorney for willful failure and official misconduct.

1292.   This is a historic decision in that it is the first time four current Supervisors is found in violation of the Sunshine Ordinance.

1293.   The ("SOTF") decisions will reverberate throughout City Hall.  See Ex 10 & 11

1294.   On January 03, 2012, Plaintiff ("Gavin'") family Sunshine Complaint #11068 hearing finds Defendants San Francisco Planning Department employees are found in violation of the Sunshine Ordinance for the following. "The Task Force finds the Planning Department in violation of Sunshine Ordinance Sections 67.21(a) for failure to provide Anonymous with copies of all Parkmerced project documents as requested on June 2, 2011 and June 23, 2011 without unreasonable delay; 67.21(b) for failure to provide Anonymous with copies of all Parkmerced project documents as soon as possible and within 10 days of the June 2, 2011 and June 23, 2011 requests; and 67.25(d) for failure to provide Anonymous with copies of all Parkmerced project documents on a rolling basis. The Planning Department shall coordinate with Anonymous to release all of the Parkmerced project records as requested in a mutually acceptable format within 5 business days of the issuance of this Order and appear before the Compliance and Amendments

Committee on May 15, 2012 at 4:00pm in Room 408 of City Hall. The Committee shall monitor compliance with this Order.

1295.    On January 24, 2011 Plaintiff ("Gavin'") family Sunshine Complaint #11066, #11080 hearing part 2 of 2 the SOTF finds Defendants ("Charles R. Sullivan, Esq.,") and ("Cheryl S. Adams, Esq.,") in violation of the Sunshine Ordinance for the following: . No. 11066, Anonymous v. Deputy City Attorney Charles Sullivan No. 11080, Anonymous v. Deputy City Attorney Charles Sullivan . The Task Force reminds the City Attorney's Office and the deputy city attorneys of their obligation to appear at hearings before the Task Force. Members of the public expect and deserve due process under the Sunshine Ordinance, and expect all City Attorneys to act to protect and promote the public's rights under state and local public records and public meetings laws. Task Force members appreciate your future cooperation in sending a knowledgeable representative to provide adequate information to make determinations on complaints.

1296.    On May 28, 2012 Defendants San Francisco Board of Supervisors hereinafter ("SFBOS") during the full BOS meeting vote to remove all of the current San Francisco Ordinance Task Force members without enough people to replace current members.

1297.    On May 28, 2012 Defendants ("SFBOS") shut down the SOTF.

1298.    On May 28, 2012 Defendants ("SFBOS") decision is historic and the SOTF is shut down for six consecutive months.

1299.    On May 28, 2012 Defendant Supervisor ("Mark Farrell, Esq.,") states "its time for the Sunshine Ordinance Task Force to get some new blood.

1300.    In over a decade 1,200 Three (3) Day Notices have been issued to residents of Parkmerced.

1301.   Defendants collective actions are injurious to Plaintiff ("Gavin"), Plaintiff's family and therapeutic animal will be proven at trial.

## FIFTY-SIXTH CAUSE OF ACTION

### Failure To Prevent Harm

All Plaintiffs Against Defendants San Francisco Public Utilities Commission, Harlan Kelly, City and County San Francisco, Mayor Gavin Newsom, Mayor London Breed, San Francisco Board of Supervisors and San Francisco County Transportation Authority Commissioners: John Avalos, Malia Cohen, Carmen Chu, David Campos  Esq, David Chiu Esq., Mark Farrell, Esq., Jane Kim,Esq, Eric Mar, Ross Markarimi, Sean Elsbernd, Esq, Scott Wiener Esq, Ahsha Safai, Katy Tang, Norman Yee, Office of Economic Workforce Development, Michael Yarne Esq., City Attorney, Dennis Herrera Esq, Charles R. Sullivan Esq, Cheryl S. Adams, Esq, Yvonne Meré, Esq, District Attorney, George Gascón Esq, Attorney General, Attorney General Kamala Harris, Esq, and insurers of Defendants 1-50

1302.   Plaintiffs incorporate every allegation in this complaint as if fully restated herein.

1303.   Plaintiff Gavin has a physical disability that substantially limits one or more major life activities.

1304.   Plaintiff ("Lynn Gavin"), (hereinafter Plaintiff "Gavin") is a single parent who is permanently disabled with multiple disabilities including but not limited to a  mobility disability that requires Plaintiff ("Gavin") to use durable medical equipment such as; leg braces, use a wheelchair, walker, crutches, a cane, and a rollator.