UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES – GENERAL

Case No.  2:24-cv-08607-SVW-PD                     Date: November 27, 2024

Title:     *Lynn Gavin, et al. v. Fortress Investment Group LLC, et al.*

---

Present:  The Honorable STEPHEN V. WILSON, U.S. District Judge

| Paul Cruz | Not Reported |
|-----------|--------------|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:
None Present                                      None Present

**Proceedings (In Chambers):**

Plaintiffs Lynn Gavin and her son Bamidele Hambolu have filed a complaint and separate applications to proceed *in forma pauperis*. Dkts. 1, 1-1, 1-2, 3, 4.

The Court takes notice of its own files and other records available electronically and notes that Plaintiffs have an extensive filing history in this District and other federal district courts. *See United States v. Raygoza-Garcia*, 902 F.3d 994, 999 n.2, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER."); Fed. R. Evid. 201(b). As previously noted by this Court, the Northern District of California has declared Plaintiff Gavin to be a vexatious litigant. *See Habolu, et al. v. Fortress Investment Group, et al.*, No. CV 17-01233-DSF(PJW) (C.D. Cal. Feb. 27, 2017); *Gavin v. City and County of San Francisco*, No. CV 15-5202 (N.D. Cal. Jan. 12, 2016). Thereafter, Plaintiff Hambolu was also declared a vexatious litigant by the Northern District. *See Hambolu v. Fortress Inv. Grp.*, No. 17-CV-01039-EMC, 2017 WL 1833265, at *5 (N.D. Cal. May 8, 2017).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-08607-SVW-PD                    Date: November 27, 2024

Title:     *Lynn Gavin, et al. v. Fortress Investment Group LLC, et al.*

Undeterred by these findings, and perhaps in an attempt to circumvent them, Plaintiffs have returned to this Court with a complaint and accompanying exhibits exceeding 260 pages, seeking millions of dollars from each of at least twenty-five separate Defendants. Dkts. 1, 1-1, 1-2.

Under 28 U.S.C. § 1391(b), a civil action may be brought in:  (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiffs currently reside in San Francisco, California. Dkt. 1 at 1, 13. While some Defendants appear to reside in this District, others reside outside this State, including in New York, Massachusetts, Arizona, and the District of Columbia. *Id*. at 13-15. Most importantly, almost all the acts Plaintiffs complain about occurred, and the property at issue is situated, in San Francisco, located within the Northern District of California. *See id*. at 16-19, 22-25; 1-2 at 20. As a result, venue does not lie in this District. *See* 28 U.S.C. § 1391(b). The Court notes that it reached a similar conclusion in *Habolu, et al.,* No. CV 17-01233-DSF(PJW).

Accordingly, this action is **DISMISSED** without prejudice to refiling in an appropriate court, and in compliance with any pre-filing restrictions established by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-08607-SVW-PD                    Date: November 27, 2024

Title:      *Lynn Gavin, et al. v. Fortress Investment Group LLC, et al.*

that court, should Plaintiffs choose to continue to pursue this action. *See* 28 U.S.C.
§ 1406(a); *Horswell v. Minnesota*, 2019 WL 3416660, at *2 (D. Haw. July 29,
2019).

In light of this dismissal, the requests to proceed *in forma pauperis* are
**DENIED**. Dkts. 3-4. All other pending matters are **TERMINATED**.

IT IS SO ORDERED.